ARTHUR E. FANROTH, Appellant, *v.* JAMES J. BYRNE, as
President of the Borough of Brooklyn, City of New
York, et al., Respondents.

(Argued December 5, 1929; decided January 7, 1930.)

*Charles L. Craig* for appellant. The plaintiff has an
easement of ingress and egress across the sidewalk of
Surf avenue to Cook's lane, and his property reached
thereby, of which he is deprived by the judgment appealed
from. (*Kellinger* v. *Forty-second St. R. R. Co.*, 50 N. Y.
206; *Story* v. *N. Y. Elevated R. R. Co.*, 90 N. Y. 122;
*Welsh* v. *Wilson*, 101 N. Y. 254; *Lahr* v. *Metropolitan Ry.
Co.*, 104 N. Y. 269; *Callinan* v. *Gilman*, 107 N. Y. 360;
*Reining* v. *New York, L. & W. Ry. Co.*, 128 N. Y. 157;
*Egerer* v. *N. Y. C. & H. R. R. R. Co.*, 130 N. Y. 108;
*Lord* v. *Atkins*, 138 N. Y. 184; *Jergensen* v. *Squires*, 144
N. Y. 280; *Hatfield* v. *Strauss*, 189 N. Y. 208; *Lyman* v.

*Village of Potsdam*, 228 N. Y. 398; *United States* v. *Grizzard*, 219 U. S. 180.)

*Arthur J. W. Hilly, Corporation Counsel (Joseph P. Reilly* of counsel), for respondent. The plaintiff did not establish his right to an injunction. (*Lyon* v. *Batchford*, 25 Hun, 57; *Porous Plaster Co.* v. *Seabury*, 1 N. Y. Supp. 134; *Southern Leasing Co.* v. *Ludwig*, 217 N. Y. 100; *Interborough Rapid Transit Co.* v. *Lavin*, 247 N. Y. 65.) An injunction herein would not protect any property right of the plaintiff, but would create or perpetuate a danger to pedestrians which might charge the city of New York with negligence and make it liable in damages. (*Greeley Sight Seeing Co.* v. *Byrne*, 224 App. Div. 752; High on Injunctions, §§ 587 and 1270; Spelling on Injunctions, § 222.)

*Per Curiam.* Defendants' threat to construct a sidewalk curb across the entrance to plaintiff's premises was stayed by injunction pending trial and, therefore, the finding of fact at Special Term to the effect that defendants prevented plaintiff from entering and leaving his premises is wholly without support. The proof is that, at all times up to and including the date of the trial, access was complete. On the record, defendants' counsel conceded a total absence of right to construct a curb in such a manner as actually to keep plaintiff from his property. By the memorandum prepared by the Appellate Division full recognition is given to the principle that the maintenance of sidewalks and curbs is an administrative function within the reasonable control of defendants but that the conceded right of an abutting owner to cross a sidewalk with vehicles is not such an unlimited one as may be exercised without appropriate safeguards for the public. The conditions prescribed by the Appellate Division on the authority of *Greeley Sight Seeing Co.* v. *Byrne* (224 App. Div. 752) are within the discretion of that court. Plaintiff has failed to show that his right

of access is not preserved with reasonable convenience to himself and to the public. If the curb hereafter constructed should prove to be unreasonable our decision will be without prejudice to appropriate relief. The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.