8697

PHILADELPHIA LIFE INS. CO. OF PHILADELPHIA, PA., v. ARNOLD *ET UX.*

(81 S. E. 964.)

INSURANCE. INCONTESTABLE PROVISIONS. CANCELLATION FOR FRAUD.

1. A life policy, providing that it shall be incontestable, except for non-payment of premiums, after one year from its date, was not objectionable as in conflict with the State statute of limitations, but was valid.

2. Where a life policy provided that it should be incontestable, except for nonpayment of premiums, after one year from date, the insurer, after the expiration of the year, could not maintain a suit against the insured and the beneficiary to cancel the policy for the defendant's alleged fraud in procuring it.

Before DEVORE, J., Anderson, October, 1912. Reversed.

FOOTNOTE—The authorities on the question of the incontestability of life insurance under provisions of the policy or of a statute, generally, are discussed in a note in 42 L. R. A. 247. And upon the validity of a provision making policy incontestable from date, see note in 2 L. R. A. (N. S.) 821. And as to the applicability of incontestable clause to nonpayment of premiums, see note in 6 L. R. A. (N. S.) 1039. And for the applicability of incontestable clause to false statements made in application for reinstatement, see note in 46 L. R. A. (N. S.) 1056.

Action by the Philadelphia Life Insurance Company of Philadelphia, Pa., against Quincy L. Arnold and wife, for cancellation of certain policies of life insurance. From a decree for plaintiff, defendants appeal.

·*Messrs Quattlebaum & Cochran,* for appellants. *Mr. Cochran* cites: *The incontestable clause is in the nature of a statute of limitations:* 25 Cyc. 873, 881; 19 Am. & Eng. Enc. of Law (2d ed.) 79, *et seq.;* 101 Tenn. 22; 70 Am. Rep. 650; 42 L. R. A. 247; *Ib.* 253; *Ib.* 261; 53 L. R. A. 743; 204 Ill. 549; 98 Am. St. Rep. 244; 63 L. R. A. 452; 242 Ill. 488; 134 Am. St. Rep. 337; 118 N. Y. 237; 16 Am. St. Rep. 749; 106 Tenn. 347; 82 Am. St. Rep. 885. *The following cases explained:* 50 L. R. A. 777; 43 S. E. 79; 27 L. R. A. (N. S.) 1026. *The incontestable clause valid:* 19 Am. & Eng. Enc. of Law (2d ed.) 103; 19 Cyc. 905; 25 Cyc. 910; 46 S. C. 491; 25 S. E. 189; 97 Ga. 722; 20 S. E. 169. *Any doubt as to the interpretation of the clause should be solved in favor of the insured:* 78 S. C. 77; 46 S. C. 491; 19 Am. & Eng. Enc. of Law (2d ed.) 80. *Statutory estoppel or waiver by receiving two annual premiums:* 1 Code of Laws 2722. *Answer as evidence:* 25 S. C. 181; 29 S. C. 52; 57 S. C. 293; 62 S. C. 51; 70 S. C. 474. *Falsity of representations known to insurer's agent:* 16 Am. & Eng. Enc. of Law (2d ed.) 945, *et seq.;* 88 U. S. 152; 22 L. Ed. 593; 80 U. S. 222; 20 L. Ed. 617; 79 Ark. 315; 16 L. R. A. (N. S.) 1180, 1233; 41 L. R. A. (N. S.) 505, 506, 507, 508; 82 S. C. 425. *Waiver by issuing the policies and accepting premiums with knowledge of facts:* 1 Code of Laws 2712; 88 S. C. 31; 81 S. C. 157; 79 S. C. 527; 16 Am. & Eng. Enc. of Law (2d ed.) 935, 943. *Findings of jury on issues in chancery conclusive:* Code Civil Proc. 312; 43 S. C. 264; 49 S. C. 264; 50 S. C. 283; 76 S. C. 507; 78 S. C. 193; 51 S. C. 420.

*Messrs. Bonham, Watkins & Allen,* for respondent, cite: *Insured bound by answer in application:* 77 S. C. 192; 15

Fed. Cases 158, 160; 88 S. C. 44. *Incontestability only after death of insured:* 115 N. C. 393; 20 S. E. 517. *Does not apply to right to cancel for fraud:* 43 S. E. 79; 114 Ky. 295. *Clause invalid:* 168 Pa. St. 645; 189 Mass. 555. *Statutory provisions:* 1 Code 2722, 2723; 75 S. C. 318. *Directing issues to jury discretionary:* 92 S. C. 452; 55 S. C. 276; 56 S. C. 303; 57 S. C. 163; Code Civil Proc. 312; 43 S. C. 214; Const., art. V, sec. 4. *This Court may render judgment absolute:* 92 S. C. 361; 51 S. C. 431; 45 S. C. 508; 75 S. C. 453; 47 S. C. 463; 67 S. C. 212.

December 10, 1913.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This action was brought to have two policies of insurance, issued by the plaintiff on the life of the defendant, Q. L. Arnold, in favor of his wife, Mattie H. Arnold, cancelled on the ground that they were obtained by fraud. The policies were issued and dated June 11, 1910. The premiums were duly paid. The policies contain this clause: "This policy shall be incontestable, except for nonpayment of premiums, after one year from its date." This action was commenced June 3, 1912, more than a year after the date of the policy. On motion of defendants, issues were referred to a jury, which answered them all in favor of defendants. But the Court set aside the verdict, holding that the fraud alleged had been proved, and adjudged the policies void.

From the view that we take of the case, it will be necessary to consider only one question: Is the incontestable clause above quoted a bar to the action? The language is plain—so plain that it does not require interpretation. There can be no doubt of its meaning, and unless there is some reason why an insurance company cannot lawfully make such a contract, this action is barred. The Courts, with practical unanimity, hold such a

stipulation valid.   It is called by some of them a short statute of limitations in favor of the insured, and it is sustained on the analogy of the cases which hold that the parties to a contract may, by stipulation therein, fix a reasonable time within which action thereon must be brought, or claims made.   We cannot agree that such a stipulation conflicts with the statute of limitations, only in the sense that by its terms of action must be brought within a shorter period than that allowed by law.   But the statute of limitations does not expressly or impliedly prohibit such an agreement.   It merely fixes the maximum time within which actions may be brought.

No doubt the clause was inserted in the policy as an inducement to the public to insure with the plaintiff company.   It is matter of common knowledge that insurance companies have, in the past, so frequently defended against claims under their policies, and tried to defeat payment of them on various grounds—sound and unsound—and especially on the ground of alleged false representations and warranties, that the legislature of this State deemed it necessary to take the matter in hand, and in 1878 (16 St. at Large, p. 530) a statute was enacted (Civ. Code 1912, secs. 2722, 2723) which provides that, when a company receives the premiums on a policy for the space of two years, it shall be deemed to have waived any right to dispute the truth of the application, or to allege that the insured made false representations.   The same statute authorizes the companies to bring actions to vacate policies on that ground, but limits the time to two years from date of the policy.   This legislation goes far to prevent these companies from taking a man's hard-earned money as long as he lives, and then slandering his memory after he is dead.   While it is true in this case that the insured is alive, that circumstance does not make the meaning of the clause or the application of the law different from what it would be if he were dead.   To hold that the clause means only

29—97

that the company cannot defend for any cause, except non-payment of premiums, after the death of the insured, is to read into the contract, by construction, what the parties did not write into it.

The objection to taking insurance, arising out of the probability of such a defense being set up, whether founded in truth or not, grew to be such that the insurance companies found it to their advantage to insert in their policies certain stipulations specifying the grounds upon which they could be contested, and limiting the time within which such contest must be made. Of course, other things being equal, the more favorable to the insured these stipulations are, the more attractive will the policies be to insurers, and we have no doubt the clause in question was inserted for that purpose, and that the company has received the benefit of it in that intending insurers have been thereby induced to take its policies.

By the stipulation, the plaintiff practically agreed that it would take a year to investigate and determine whether any fraud had been perpetrated in procuring the policies, and, if it failed within that time to discover any, it would make no further investigation, and would not thereafter contest the validity of the policies on that ground. The evidence in the case shows that, if plaintiff had been diligent, it could have discovered the fraud within the year. Therefore, we do not feel that we are condoning the fraud by enforcing the stipulation. The following authorities sustain the validity of such a stipulation: *Kline* v. *Nat. Ben. Ass'n,* 111 Ind. 462, 11 N. E. 620, 60 Am. Rep. 703; *Wright* v. *Mut. Ben. Ass'n,* 43 Hun. (N. Y.) 61, affirmed 118 N. Y. 237, 23 N. E. 186, 6. L. R. A. 731, 16 Am. St. Rep. 749; *Clement* v. *Insurance Co.,* 101 Tenn. 22, 46 S. W. 561, 42 L. R. A. 247, 70 Am. St. Rep. 650, and note; *Massachusetts Ben. Life Ass'n* v. *Robinson,* 104 Ga. 256, 30 S. E. 918, 42 L. R. A. 261; *Murray* v. *State Mut. Life Ins. Co.,* 22 R. I.

524, 48 Atl. 800, 53 L. R. A. 743; 25 Cyc. 873, 881; 19 A. & E. Enc. L. (2d ed.) 79, *et seq.*

MR. JUSTICE FRASER, *dissenting.* I cannot concur in the opinion of the majority of the Court. I think the statutory right of the company to two years may be waived, and that the incontestable clause did waive it, except for fraud. I think the words in the incontestable clause, "all statements made by the insured shall, in the absence of fraud, be deemed representations, and not warranties," clearly show that the insurer did not intend to waive any of its rights where there is fraud. The policy also provides that the question of age may be contested. The incontestable clause, therefore, was not absolute, and I think the plaintiff has the right to bring this action within the statutory period.

MR. JUSTICE GAGE did not sit in this case.