9335

BEARD v. NORTH STATE LIFE INSURANCE CO.

(88 S. E. 285.)

1. INSURANCE—LIFE POLICIES—ESTOPPEL.—Under Civ. Code 1912, sec. 2722, declaring that all life insurance companies that shall receive the premiums for two years shall be deemed to have waived any right they may have had to dispute the truth of the application or aver that insured made false representations, an insurer which received premiums on a life policy for two years cannot set up fraud in the application.

2. INSURANCE—LIFE POLICIES—CONSTRUCTION.—A provision in a life policy that it should be incontestable except for nonpayment of premiums and for fraud does not take the policy out of Civ. Code 1912, sec. 2722, declaring that an insurer having received premiums for two years cannot dispute the truth of the application or set up misrepresentations by the insured; the provision as to fraud not preserving the defense.

3. TRIAL—DIRECTED VERDICT—RIGHT TO.—In an action on a life policy, where plaintiff proved the policy, the payment of premiums and nonpayment of the policy, and the only defense was excluded, it was proper to direct judgment for plaintiff.

Before WILSON, J., Columbia, April, 1915. Affirmed.

Action by Alice S. Beard against the North State Life Insurance Company. From a judgment for plaintiff, defendant appeals.

*Messrs. Weston & Aycock,* for appellant, cite: *As to testimony disputing statements in application:* Civil Code, sec. 2722; 115 Tenn. 471; 112 Am. St. Rep. 862; 97 S. C. 418. *Waiver of statute:* 2 Bailey, 425; 1 McM. 297; 21 S. C. 356; 1 Jones Mtges. 752. *Hearsay:* Jones on Evidence, secs. 269, 289.

*Mr. D. W. Robinson,* for respondent, cites: *As to limitation of time within which to dispute statements in application:* Civil Code, secs. 2722, 2723; 84 S. C. 254; 97 S. C. 420, 422; 46 L. R. A. (N. S.) 1059; 124 C. C. A. 154; 42 L. R. A. 249; 6 L. R. A. 733; 42 L. R. A. 271. *Clause as to waiver construed favorably to insured:* 101 S. C. 265; 136 U. S. 408, 413. *South Carolina law governs contract:* 193 U. S. 554; 203 U. S. 254; 84 S. C. 256; 181 U. S. 75; Civil Code, secs. 2672, 2675. *Reinstatement renews original policy:* 46 L. R. A. (N. S.) 1050, 1058; 42 L. R. A. 273; 59 Am. St. Rep. 419; 3 Cooley, Briefs, Ins., p. 2406. *Letters as evidence:* 101 S. C. 273. *Interest:* 88 S. C. 510; 86 S. C. 17; 101 S. C. 265, 267.

March 15, 1916.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

FOOTNOTE.—As to incontestability of life insurance policy under provisions of statutes, see notes in 42 L. R. A. 257.

Mr. Horace Beard was an agent for the appellant life insurance company, and took out a policy on his own life, dated May 31, 1912. Mr. Beard was absent from home working for the company in August, when an installment was due, and it was not paid at that time. In December, 1912, the policy was reinstated by the company upon a certificate of health and the payment of back dues. The original policy was lost, and a "duplicate" policy was issued in December, 1912. On the 19th of June, 1914, Mr. Beard died. The case states:

"There being no dispute that the premium on the said policy was fully paid at the time of Mr. Beard's death."

The company refused payment and this action was brought on the policy. The company answered, setting up fraud in the application for the policy and in the certificate of health upon which the policy was reinstated.

The appellant claims that it had at least two years from the date of the policy in which to set up fraud, and that the policy must be considered as bearing date from its reinstatement in December, 1912, and not from the date of the original policy in May, 1912. The company offered to prove the fraud. Under plaintiff's objection, that the time to prove fraud had expired, the proof was rejected.

A verdict was ordered for the plaintiff, and from the judgment on this verdict, the company appeals. The first exception questions this ruling.

1. Our statute is as follows:

"Sec. 2722. *When Right to Dispute Truth of Application Is Waived.*—All life insurance companies that shall receive the premium on any policy for the space of two years shall be deemed and taken to have waived any right they may have had to dispute the truth of the application for insurance, or that the assured person had made false representations, and the said application and representations shall be deemed and taken to be true."

It will be observed our statute said nothing about the date or age of the policy. The language refers solely to the receipt of the premium on life insurance. Companies that shall receive the premium on any policy for the space of two years shall be deemed and taken to have waived any right they may have had to dispute the truth, etc. The case states that the company had received the premium for the two years. Under the express terms of the statute, the Courts are bound to hold that, as a matter of law, it had waived the right to dispute the truth of the application for insurance.

The appellant, however, claims that the policy itself provides that the question of fraud shall be kept open indefinitely. A careful reading of the clause in the policy shows that it does not bear that construction. The clause reads:

"This policy shall be incontestable except for nonpayment of premium and fraud after one year from date of issue."

The law gave them the privilege of keeping open these questions for two years. A privilege may be waived as in *Insurance Co.* v. *Arnold,* 97 S. C. 418, 81 S. E. 964. There is nothing in that clause that keeps open the question of fraud after the receipt of premium for two years. The premium had been received for the space of two years, and, as a matter of law, the right to dispute the truth is taken to have been waived. This section creates a rule of evidence, rather than a statute of limitation.

This exception cannot be sustained.

2. The second and third exceptions complain of the admission of certain letters. These exceptions are overruled. The admission of the letters had no effect on the case.

3. The fourth exception complains of error in directing a verdict for the plaintiff. This exception cannot be sustained. The plaintiff proved her policy, the payment of the premium, and nonpayment of the policy. The defense was excluded, and there was nothing to do but to direct a verdict.

The judgment is affirmed.