14809

EVANS v. SOVEREIGN CAMP, W. O. W.

(200 S. E., 850)

Messrs. *J. K. Owens* and *Hawkins & Bethea,* for appellant,

248

Mr. W. C. Moore, for respondent,

January 24, 1939.

The opinion of the Court was delivered by Mr. Chief Justice Stabler.

It appears from the record that on May 28, 1936, the defendant association, through its local camp at Dillon, South Carolina, issued to Dr. W. Jesse Evans, a member of that camp, its certificate of life insurance in the sum of $3,000-.00, such sum to be paid to Margaret E. Evans, the named beneficiary, in ten equal annual installments. Evans died in April, 1937, and the required proofs of his death were thereafter duly furnished the association, but it refused to pay. This action was then brought to recover the first installment of $300.00. The defendant, answering the complaint, denied that it owed the beneficiary anything under the policy for the reason, as alleged by it; that the insured had made false answers, which he warranted to be true, to certain questions asked in his application for the insurance.

The case was tried in April, 1938. At the conclusion of the testimony, the defendant moved for a directed verdict as follows:

"(1) That in his application the following questions were asked and answered by the applicant:

"Question 5. Are you now or have you ever drawn disability compensation? Answer: No.

"Question 9: Have you ever been under observation, care or treatment in any hospital, sanatorium, asylum or similar institutions? Answer: No.

"Question 10: Have you within the past ten years suffered any mental or bodily disease or infirmity, or have you within that period consulted or been attended by a physician for any disease or injury? Answer: No.

"Question 14: Are you now in good health? Answer: Yes.

"And when W. Jesse Evans accepted the insurance certificate he warranted that he was in good health at the time and had not been sick or injured since the date of his application.

"(2) That the only reasonable inference from the evidence is that the above warranties made by the insured in his application and policy of insurance were false, and amounted to an express breach of contract, and under the terms of the policy and application, operated to bar recovery."

The trial Judge, while holding that these answers of the insured, under the terms of the contract, were warranties and not representations, refused to direct a verdict, but submitted the case to the jury on the question of waiver by the association. Whether or not he committed error in doing so, is the real question presented by the appeal.

Counsel for the appellant earnestly insist that there is no evidence tending to show waiver on the part of the company; and that even if the insured were in good health at the time he made his application, his "misrepresentations and false statements in regard to his having been ill and in regard to his having received disability compensation would remain and the policy of insurance be void."

Our examination of the record, however, convinces us that Judge Sease properly refused to direct a verdict. It appears from the evidence that Dr. Evans was a soldier in the World War, and "was treated in a hospital at Amiens, France, in October, 1918, for shrapnel wound in forehead, war gas and heart irregularity;" and that after his return to his home at Dillon, he was awarded disability compensation of $15.00 a month from July 1, 1923, to March 27,

1934, and from the latter date to his death $20.00 a month. In September, 1927, Dr. Henslee wrote a letter to the U. S. Veterans' Bureau at Columbia, in which he said that he had known Dr. Evans since childhood, and in which he made a somewhat full statement of the physical condition of Evans as he found it at the time the letter was written. He also referred to the services of Dr. Evans as a soldier in France, and that he had been treated in a hospital there for "shrapnel wound in forehead, war gas and heart irregularity," and that he "had received a pension for several months in about '24." In May, 1936, Dr. Henslee examined Evans for the insurance here in question, and reported that he found him to be in good health and recommended him as a "first class" risk for insurance.

From this testimony, as we have indicated, it may be reasonably inferred that Dr. Henslee knew at the time he examined Evans for the insurance that he had been drawing compensation from the bureau, and that he had been wounded in France and treated in a hospital there for his wounds and injuries; and that, therefore, at at the time the answers to Questions 5, 9 and 10 were written down, he knew they were false. This knowledge of Henslee, as the examining physician of the association, was imputed to the company. Hence, under the evidence, the question of waiver by the association of the warranties made by the applicant for the insurance was for the jury, and was properly submitted to them by the trial Judge. See, generally, *Sligh v. Sovereign Camp, W. O. W.*, 117 S. C., 437, 109 S. E., 279; *Southeastern Life Ins. Co. v. Palmer*, 129 S. C., 432, 124 S. E., 577; *Nix v. Sovereign Camp. W. O. W.*, 180 S. C., 153, 185 S. E., 175.

With regard to the truth or falsity of the applicant's answer to Question 14, Dr. Henslee, the company's physician, testified that he found the applicant in good health and recommended him as a first class risk. "The principle is well established in this state that an examination of the insured by a physician chosen by the insurance com-

pany is some evidence of one or two things: Either that the alleged disease did not exist or that its existence was known to and waived by the insurer." *Nix v. Sovereign Camp, W. O. W., supra.* 185 S. E., 179. In addition to the testimony of Dr. Henslee, Dr. McLeod testified that he had examined Evans about the time he applied for the insurance in question and found his physical condition to be good. Under the evidence, this question was undoubtedly one for the jury.

The judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.