## 15717

### JONES v. METROPOLITAN LIFE INSURANCE CO.

(33 S. E. (2d), 384)

140 

 

 *Mr. R. B. Paslay,* of Spartanburg, S. C., Counsel for Appellant, 

*Messrs. Carlisle, Brown & Carlisle,* of Spartanburg, S. C., Counsel for Respondent, 

February 28, 1945.

MR. ASSOCIATE JUSTICE TAYLOR delivered the unanimous Opinion of the Court:

On February 7, 1938, the respondent, Metropolitan Life Insurance Company, issued a policy of insurance to John Jones whereby, in consideration of the premiums therein stated, it agreed, upon proof of his death, to pay to Nellie Jones, as beneficiary, the sum of $115.00. The policy contained a clause, wherein it was provided, among other things, that it was voidable by the company if within two years prior to the date of issue, the insured had been attended by a physician, unless it was shown by the claimant that such medical treatment was not for a serious disease. It further provided that if the policy was voided by the company on this ground, the company would return the premiums paid.

The insured died on December 19, 1938. Thereafter on January 31, 1939, the company wrote the beneficiary that it was voiding the policy on the ground that the insured had received medical treatment for a serious disease within two years prior to the date of the issue of the policy, that it desired to refund the premiums amounting to $11.75 which had been paid by the insured, and that a representative would call upon the beneficiary in a few days for that purpose. On February 8, 1939, the company issued its check payable to the beneficiary for said amount of $11.75 which was stated to be in full for all claims under the policy. On the back of this check was a release discharging the company from all claims and demands whatsoever under the policy referred to. This check was duly endorsed by the beneficiary and she received the proceeds of same. A separate release was also executed by the beneficiary wherein, in consideration of $11.75, she forever released the company from any obligation whatsoever on said policy.

This action was commenced in 1943 by the beneficiary. It is alleged in the complaint that the company fraudulently misrepresented to the beneficiary at the time that the check was delivered and release executed that the only claim she

had under said policy was for a return of the premiums. The complaint is one for fraudulent breach of contract, seeking actual damages for the face amount of the policy with interest, and punitive damages in the sum of $3,000.00 on account of the alleged fraudulent acts accompanying the breach. The policy is alleged in the complaint as being in the face amount of $1,000.00, but it is now conceded that the correct amount is $115.00. The answer alleged that the insured was attended by a physician for a serious disease within two years prior to the date of the policy and that it elected, as it had a right to do, to declare the policy void and to return the premiums, and that the premiums were returned to the beneficiary, at which time she executed a release of all claims under the policy. This release was pleaded as a bar to the maintenance of the action.

A motion for a nonsuit, made at the conclusion of the plaintiff's testimony was overruled. A motion for directed verdict at the conclusion of all the testimony was granted, from which the plaintiff has appealed.

The trial judge properly held that the testimony ▆▆ failed to show any fraud practiced upon the beneficiary. There is no evidence of any misrepresentations or other fraudulent acts by the company at the time the premiums were returned and release executed. There was clearly no basis for an award of punitive damages. However, the failure on the part of appellant to prove fraud as the basis of punitive damages would not preclude her from recovering actual damages, or the face of the policy, if she were otherwise entitled to recover same. *Broome v. Travelers Insurance Co.*, 183 S. C., 413, 191 S. E., 220.

There remains the question as to whether there was ▆▆ error on the part of the trial judge in also directing a verdict as to actual damages. We also think there was no error in this respect. Dr. Douglass testified that in

June, 1937, which was within two years prior to the date of the issue of the policy, he treated the insured for "chronic nephritis" or "chronic myocarditis." There is no question about these constituting a serious disease. Appellant contends that the person treated by Dr. Douglass might have been one other than assured and that the identity of the person treated by Dr. Douglass should have been submitted to the jury. While Dr. Douglass did testify that he had no distinct recollection of the person he treated, he testified from the records made by him at the time that it was John Jones. But when the testimony of Dr. Douglass is taken in connection with appellant's own testimony, we think the evidence is susceptible only to the conclusion that such person was the respondent's husband. Appellant testified that her husband was attended by Dr. Douglass. Under these circumstances, we think under the undisputed evidence respondent was entitled to avoid the policy under the express terms of the provision which we have hereto adverted to.

Respondent further takes the position that the release executed by appellant constitutes a complete bar to the maintenance of this action and before appellant could avoid such release on the ground of fraud, it would be necessary for her to return, or offer to return, the sum of $11.75, representing the consideration. Appellant contends that no offer to return said amount was necessary as she was entitled to that amount in any event. Appellant further contends that by reason of these circumstances there was no consideration for said release and that it would not operate as an accord and satisfaction. In view of the foregoing conclusions, however, we deem it unnecessary to decide these questions and intimate no opinion thereabout.

It is the opinion of this court that the judgment of the lower court should be affirmed and it is so ordered.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES and OXNER concur.