15716

WESTON v. METROPOLITAN LIFE INSURANCE COMPANY

(33 S. E. (2d), 386)

*Mr. Norbert A. Theodore,* of Columbia, S. C., Counsel for Appellant,

*Messrs. McLain & Elliott,* of Columbia, S. C., Counsel for Respondent,

February 28, 1945.

Mr. Associate Justice Stukes delivered the unanimous Opinion of the Court:

This appeal is closely allied with that reported under the title of *Murray v. Metropolitan Life Insurance Co.,* 193 S. C., 368, 8 S. E. (2d), 314, 317. The insured and the insurer are the same. In that case this court said:

"To sustain this ruling, the principle is invoked that an examination of the insured by a physician chosen by the insurance company is some evidence of one of two things: Either that the alleged disease did not exist, or that its existence was known to and waived by the insurer. *Nix v. Sovereign Camp, W. O. W.,* 180 S. C., 153, 185 S. E., 175; *Evans v. Sovereign Camp, W. O. W.,* 189 S. C., 247, 200 S. E., 850. The rule also is that knowledge of the examin-

ing physician is imputed to the company. *Sligh v. Sovereign Camp, W. O. W.,* 117 S. C., 437, 109 S. E., 279; *Southeastern Life Insurance Co. v. Palmer,* 129 S. C., 432, 124 S. E., 577; *Evans v. Sovereign Camp W. O. W., supra.* There is no testimony disclosing the result of Dr. Abell's examination. Neither side introduced any evidence relative thereto, nor was he called as a witness.

"Under the principles of law above adverted to it may not be questioned that in a controversy between the insured or his beneficiary on the one hand, and the company, on the other, in an action arising upon the policy issued as of December 10, 1937, involving the issue of waiver, it would be proper to submit that question to the jury."

The present action is upon a policy which appears to be that referred to in the foregoing quotation in which it was said that in an action upon it, involving the issue of waiver, it would be proper to submit that question to the jury. But this usual form of trial of such cases was not followed in this proceeding, and all issues of law and fact were submitted to the trial judge for decision. The following portion of the trial record is copied from the transcript for appeal:

"The Court: What I was going to say, if counsel for both sides agree it is a matter of law, I will discharge the jury.

"Mr. Elliott: We think it is proper.

"Mr. Theodore: It suits me.

"The Court: Then it is understood that I am to consider the testimony in my findings?

"Mr. Elliott (Stenog. note: Elliott stricken out and the following):

"Both Counsel: Yes.

"The Court: It shall be understood that I have tried the case just as if I had never had the jury, on the facts and everything?

"Counsel for both sides: Yes, sir."

Respondent issued its policy upon the life of the deceased in the amount of $468.00 dated December 20, 1937, which required the payment of a weekly premium of forty-five cents with his estate named as beneficiary, and the premiums were paid until the death of the insured on June 5, 1938. This action was commenced on March 25, 1940, upon a complaint which was usual in form.

In the answer a clause of the policy was set up, called the "voidable clause", which was identical with that involved in *Grant v. Metropolitan Life Ins. Co.,* 194 S. C., 25, 9 S. E. (2d), 41; its pertinent contents were quoted in that decision and need not be repeated here. (That case is clear authority for the validity and enforcibility of the clause in the absence of conflict with statute. See also *Jones v. Metropolitan Life Ins. Co.,* S. C., 33 S. E. (2d), 384. It was further alleged in the answer that the insured was attended by a physician within two years prior to the issuance of the policy and that it had not been shown by any claimant under the policy that such medical attention was not for a serious disease, that reference to this treatment or attention was not endorsed upon the policy by the insurer (however there was some endorsement, which will be later referred to) and that the latter had, on that account, declared the policy void and tendered return of the aggregate of the permiums, $10.80, which had been paid, and such tender was continued.

Appellant demurred to this defense and moved to strike it out as contrary to Code, sections 7986 and 7987, in view of the lapse of time between the procurement of the policy and the commencement of the action and resultant interposition of the defense. The demurrer and motion were overruled, the propriety of which is challenged by the exceptions.

Section 7986 is a rather old (1878) statute but it has recently had a hectic history. It was as follows in the Code of 1932: "7986. When Right to Dispute Truth of Application Is Waived.—All life insurance companies, fraternal

benefit associations or any other company, corporation or association by whatever name known, who issues a policy or certificate of insurance on the life of a person that shall receive the premium on any policy for the space of two years shall be deemed and taken to have waived any right they may have had to dispute the truth of the application for insurance, or that the assured person had made false representations, and the said application and representations shall be deemed and taken to be true."

The General Assembly undertook to amend the statute by Act No. 224 of 1935, 39 St. at Large, p. 303. The attempted amendment was before this court in the case of *Stewart v. Woodmen of the World*, 195 S. C., 365, 11 S. E. (2d), 449, and it was held to be unconstitutional, wherein it purported to alter the provision for the receipt of premiums for the space of two years to a period of limitation of two years from the date of the policy. Thereafter the General Assembly amended it again by Act No. 221 of 1941, 42 St. at Large, p. 309, and it is the form of this amendment which appears as section 7986 of the Code of 1942, inapplicable to this controversy because it was enacted after the happenings here involved and does not purport to be retroactive. *New York Life Ins. Co. v. Truesdale*, 4 Cir., 79 F. (2d), 481. From this it is clear that the incontestable statute pertinent to this case did not bar the insurer's defense, for premiums on the policy were paid for only about six months, much less than the period of two years provided in the applicable law, so appellant's first question (insofar as it may be deemed to relate to Sec. 7986) might be decided against her without need of further discussion.

But there is an equally applicable and controlling consideration which is fatal to appellant's contention even if Section 7986 were applied to this controversy in the form in which it appears in the present (1942) Code. It will be dealt with subsequently in the discussion of the pertinency

of Sec. 7987, to which alone appellant appears to have shifted her position in her brief on appeal.

Statutes such as these, pertinent to a policy of insurance, are as much a part of a policy as if expressly incorporated in it, and prevail over inconsistent policy provisions. *New York Life Ins. Co. v. Greer,* 170 S. C., 151, 169 S. E., 837; *Brownlee v. Charleston Motor Express Co. et al.,* 189 S. C., 204, 200 S. E., 819. This rule is usually invoked by an insured or beneficiary but, by the same token, the insurer is entitled to whatever benefit to it may accrue therefrom. It is a poor rule (which this is not) that does not work both ways.

The case was first tried before a jury to which the issues were submitted, but they disagreed and a mistrial resulted. In due course trial was again entered upon before another jury and taken away from them by consent, as has been seen.

Respondent introduced the testimony of a physician who had examined and treated the insured at his office shortly within the two-year period before issuance of the policy, had examined his chest and determined that he had tuberculosis, and had prescribed rest and a cough medicine containing a sedative to quiet that symptom. In addition to the statutes heretofore and hereinafter referred to, appellant relied upon the facts that before issuance of the policy the insured had been referred to a physician selected by the insurer to make an examination (who did such in an evidently ineffective manner) and that the insured, then the applicant for the insurance, had disclosed to this examining physician that he had been treated for a cold two years before by still another physician, who was not the one who testified. The stated facts, that there was a physical examination by a physician for the company and that there was some disclosure, though incomplete or inaccurate, of former medical treatment, were undoubtedly

evidence of waiver by the insurer of the existence of the serious disease with which the applicant was afflicted, but it is not such as would create only the inference that the insurer·had in fact.legally waived the·applicant's physical condition. and prior medical treatment, and the court did not err in refusing appellant's motion for directed verdict on that ground.

Nor was there error in the court's view of the inapplicability of Section 7987 of the Code. The latter is the first question posed in plaintiff's appeal from the judgment of the trial court wherein all issues were decided against her and judgment so rendered on the merits.

Section 7987 is, and was, as follows: "7987. Associations, companies, and corporations engaged in life insurance business sue vacate policy for falsity of representations in applications of paid policies within 2 years of date of policy. —Every firm, corporation, fraternal benefit, mutual protective, mutual insurance, mutual aid or other associations or companies doing a life insurance business in the State of South Carolina are hereby authorized to institute proceedings to vacate policies on the ground of the falsity of the representations contained in the application of said policies: provided the same be commenced within two (2) years from the date of said policy."

Our rule is quite clear that the death of the insured during the period of contestability provided by statute or policy provision does not ordinarily interrupt the running of the time limitation provided by either or both of such. The question has given rise to some conflict in the decisions, but this court by the leading case of *Henderson v. Life Ins. Co. of Virginia,* 176 S. C., 100, 179 S. E., 680, fell in line with the well-established majority. See also the subsequent decision in *Norris v. Guardian Life Ins. Co.,* 187 S. C., 535, 198 S. E., 34. Extensive annotations upon the subject are found in 31 A. L. R., 108, 85 A. L. R., 234

and 105 A. L. R., 992. It is interesting to note that the United States Supreme Court and the highest courts of Pennsylvania and Virginia are in a minority which hold that disclaimer of liability and notice by the insurer is sufficient "contest" of its liability. Vol. 1, Appleman, Insurance Law and Practice, § 313, p. 360.

However, in this case, with the policy payable to the estate of the insured and the long delay in the appointment of a personal representative of the estate, there was no one for respondent to sue in assertion of its claimed right to avoid the policy, which necessarily served to prolong the period for such action provided in Section 7987. *Ramsey v. Old Colony Life Ins. Co.*, 297 Ill., 592, 131 N. E., 108; *Jensen v. Metropolitan Life Ins. Co.*, 251 N. Y., 336, 167 N. E., 462; 8 Couch, Cyc. of Insurance Law, 6993: "It has also been held that if the insured dies within the incontestable period, and for a time there is, because of the nonappointment of an administrator, no person against whom action may be taken, the running of the period is suspended, while the insurer is so prevented from suing." To the same effect is Vol. 1, Appleman, Insurance Law and Practice, § 313, pp. 363, 364. (It is noted that the writers frequently refer to the period of the statute or kindred policy provision as the "incontestable period", whereas actually it should be called the "contestable period.")

The well-considered opinion in *Ramsey v. Old Colony Life Ins. Co., supra.*, contains a very valuable discussion of the problem. More interesting, however, is the decision in *Jensen v. Metropolitan Life Ins. Co., supra*, at the time of, the decision of which the afterward famous Associate Justice Cardozo of the Supreme Court of the United States was Chief Justice of the Court of Appeals of New York, and he concurred in the opinion by another member of the court who quoted the words of Chief Justice Cardozo in his opinion, in the prior case of *Killian v. Metropolitan Life Ins. Co.*, 251 N. Y., 44, 166 N. E., 798, 800, 64 A. L. R., 956, as

follows: "If insured or beneficiary hold back (from commencing action on policy during the contestable period), preferring to wait till the time for contest has expired, the point of beginning is the time when the insurer sues in equity to declare the policy annulled. *Cohen v. New York Mut. Life Ins. Co.,* 50 N. Y., 610, 10 Am. Rep., 522. There are said to be practical difficulties in applying such a formula. The policy may be payable to the estate of the insured, and the personal representatives may not be named till the expiration of the time permissible for contest. These and like complications will be unraveled when they develop. There is support for the conclusion that by fair implication the nonexistence of parties amenable to suit will extend the limit of time within which suit may be begun" (or defense interposed—added). The author of the later opinion then said: "Of the questions there left open to 'be unraveled when they develop', one must now be answered. That opinion points the way to the answer. If the only way the company can contest the validity of the policy is by an action in court, there must be in existence someone against whom it can commence an action." And the court proceeded to take out or toll (the time of the running of the contestable period) such period of time as there was no one amendable to suit by the insurer.

The principle is parallel to that by which the running of the ordinary statute of limitations is interrupted by death. 1942 Code, Sec. 360, and cases cited in the footnote. "Incontestable" statutes and policy provisions have often been called "short statutes of limitation". See our early decision upholding them, even against claims of fraud, *Philadelphia Life Ins. Co. v. Arnold,* 97 S. C., 418, 81 S. E., 964, Ann. Cas., 1916-C, 706, and apparently the latest, *Altman v. Standard Mutual Life Ins. Co.,* 204 S. C., 151, 28 S. E. (2d), 636.

The date of issue of the policy in this case was December 20, 1937. The insured died on June 5, 1938. The administratrix of the estate of the insured (now appellant) was appointed March 20, 1940, and commenced this action on March 25, 1940, wherein the respondent answered on April 24, 1940, and set up its alleged right·to avoid the policy, as has been seen. So the time which elapsed during which the insurer could have brought an action to enforce its right to avoid the policy (or set up its defense in a proper action thereon, as here) was far short of the statutory period of contestability. Incidentally, the policy contains provision for a shorter contestable period—one year·from its date during the lifetime of the insured and payment of premiums (*Beard v. North State Life Insurance Co.*, 104 S. C., 45, 88 S. E., 285), but that provision is also ineffective in view of the chronology set forth. This disposes, adversely to her, of appellant's first question on appeal.

The second question involved is whether appellant was entitled to the direction of a verditc in her favor on the facts which have been stated, negative answer to which has already been indicated.

Factual issues were created by the pleadings and the evidence which may be summarized as follows: (1) Was the short visit to the office of the doctor who testified and his prescription within the term "treated by a physician" of the voidable clause, and was it for a serious disease? And (2) was such waived by the insurer in view of (a) notice to it, evidenced by the endorsement on the policy of treatment two years before for a cold and (b) physical examination by its doctor before issuance of the policy?

However, plaintiff consented to the trial of such issues by the court (see the quoted record above), the jury were discharged and the court found on the merits for the defendant-insurer; and this court is without jurisdiction to review factual findings in this, a law, case, if

the evidence was reasonably susceptible of the inferences embraced in the judgment, which it was. Const. 1895, Art. V, 3 West's S. E. Dig., Appeal and Error, Key 987, p. 586 *et seq*. It need not be reviewed in further detail for the purpose of the proper disposition of this appeal.

The exceptions are overruled and the judgment affirmed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, TAYLOR and OXNER concur.