18466

Juanita COKER, Appellant, v. UNITED INSURANCE COMPANY OF AMERICA, Respondent

(146 S. E. (2d) 868)

272

*T. Louis Cox, Esq.,* of Spartanburg, *for Appellant,*

*Messrs. Ward, Hammett & Howell,* of Spartanburg, *for Respondent,*

February 16, 1966.

Moss, Acting Chief Justice.

This is an action to recover death benefits under a life insurance policy issued by United Insurance Company of America, on June 19, 1961, insuring the life of Arthur Coker. Juanita Coker, the appellant herein, was named as beneficiary in said policy. She was the wife of the said Arthur Coker, who died on March 18, 1963.

The respondent, by its answer, admitted the issuance of the policy, the death of the insured, and that the appellant was the named beneficiary therein.

The respondent asserted as a defense to a recovery under said policy a clause contained in the contract of insurance. The pertinent portion thereof being as follows:

"If the insured * * * within two years before the date hereof has received institutional, hospital, medical or surgical treatment or attention and the insured or any claimant under this policy fails to show that the condition occasioning such treatment or attention was not of a serious nature or was not material to the risk, then in any case heretofore mentioned within two years from the date of this policy * * * the Company may declare this policy void either before or after death of the insured unless such case is waived by the Company in an endorsement on the policy, and the liability of the Company in the case of such declaration shall be limited to the return of the premiums paid on the policy; * * *."

The respondent further alleged that within two years prior to the date of the aforesaid policy that the insured had received institutional, hospital, medical or surgical treatment at the Veterans Hospital in Columbia, South Carolina, for a condition of a serious nature which was material to the risk, and that such insured died within two years from the date of the policy, and the appellant, who was the beneficiary, having failed to show that the aforesaid institutional, hospital, medical or surgical treatment received by the insured was not of a serious nature and was not material to the risk, the respondent elected to and did declare the aforesaid policy void under the terms thereof. It is further alleged that on April 15, 1963, the respondent, in conformity with the provisions of the said contract, forwarded to the beneficiary, the appellant herein, its check in the amount of $74.62, under date of April 15, 1963, representing payment in full of the premiums paid on said policy. It is then alleged that the

appellant retained this check until such was returned to the respondent on July 3, 1963.

The appellant demurred to the aforesaid answer upon the ground that the policy here involved had been in effect for more than two years before this action was brought and the defense set forth in respondent's answer was not available because such was barred by Sections 37-161 and 37-162 of the Code. The demurrer was heard and overruled by the Honorable T. B. Greneker, Presiding Judge. In his order he found that the respondent declared the aforesaid policy void under the terms thereof and within two years of its issuance and forwarded its check in the amount aforesaid to the appellant under date of April 15, 1963, representing payment in full of all amounts due under the policy contract. He further found that the appellant retained this check in her possession until it was returned to the respondent by letter dated July 3, 1963, in which it was stated that she did not wish to accept the same. With reference to this he concluded:

"* * * No contention is made of anything other than a deliberate holding of the check with a hope the Defendant would be lulled into a sense of security and would not bring an action prior to June 19, 1963, the second anniversary of the policy contract."

"Assuming that the two year statute is applicable to the facts of this case, even-handed justice dictates that such statute should be tolled during the period indicating her acceptance thereof from April 15, 1963, to July 3, 1963."

The appellant gave notice of intention to appeal from the order overruling the demurrer and perfected same in her appeal from the final judgment in this case. However, the appellant did not except on this appeal to the conclusion of Judge Greneker that the statute had been tolled. In the absence of an exception to the aforesaid ruling, the question of the correctness thereof is not properly before us for decision.

We point out that the date of the issue of the policy ▊, ▊ in this case was June 19, 1961. The insured died on March 18, 1963. The appellant commenced this action on July 26, 1963, and the respondent filed its answer on August 16, 1963. Under the order of Judge Greneker overruling the demurrer, neither Sections 37-161 and 37-162 has any application in this action nor do such statutes bar the respondent from asserting the defenses contained in its answer. The cited statutes, by their terms, are applicable only to the right of the insurer "to dispute the truth of the application for insurance or to assert that the assured person had made false representations." In this case there is no contention that the deceased made any false representations in the application for the policy in question. The evidence in this record reveals no evidence of false representations or answers.

This case came on for trial before the Honorable Clarence E. Singletary, presiding judge, and a jury. At the close of all of the testimony the trial judge granted a motion of the respondent for a directed verdict in favor of the appellant in the amount of $74.62. This appeal followed.

It is undisputed that the insured died in the Veterans Administration Hospital, Columbia, South Carolina, on March 18, 1963, and the cause of death was "portal cirrhosis of liver". The record also shows that the insured had been a patient in the aforesaid hospital from July 27, 1959 until December 8, 1959, receiving treatment during such period for "cirrhosis of liver".

The basis of the motion of the respondent for a directed verdict was that the appellant, having predicated her cause of action upon the insurance contract, is bound by the terms thereof, and it being undisputed that the insured had received hospital and medical treatment for a serious disease within two years prior to the issuance of the policy, the appellant was only entitled under the terms of the insurance contract to a refund of the premiums paid thereon.

Judge Singletary held that he was bound by the order of Judge Greneker in overruling the demurrer of the appellant to the answer of the respondent and that Sections 37-161 and 37-162 had no application in the trial of the case before him. There is no appeal from this ruling. The trial Judge held that the only issue under the evidence was whether the confinement of the insured to the Veterans Hospital from July, 1959, to December, 1959, for the treatment of cirrhosis of the liver was an illness of a serious nature in accordance with the terms of the policy. Upon this issue he held that only one reasonable inference could be drawn from the evidence and that was that the insured died of cirrohosis of the liver, a disease of a serious nature, in March of 1963, and the policy in question having been issued in June of 1961, the period of hospitalization for cirrhosis of the liver was within two years of the date thereof. He also held that there was no testimony that the respondent had waived or become estopped to rely upon the provisions of the insurance contract.

We have held that a policy provision authorizing insurer to avoid policy if insured was a patient at an institution for the treatment of a serious disease within two years prior to the issuance of the policy, unless reference to this treatment was endorsed upon the policy by the insurer, is valid and enforcible in the absence of a conflict with the statute. *Grant v. Metropolitan Life Ins. Co.,* 194 S. C. 25, 9 S. E. (2d) 41; *Jones v. Metropolitan Life Ins. Co.,* 206 S. C. 139, 33 S. E. (2d) 384, and *Weston v. Metropolitan Life Ins. Co.,* 206 S. C. 128, 33 S .E. (2d) 386, 157 A. L. R. 1198. The "voidable clause" here is similar in import to that which was considered by this court in the cited cases, and we reached the conclusion there that the insurer was entitled to avoid the policy in question under the terms of the "voidable clause" in each of the insurance contracts. Of course, these holdings were based upon the undisputed evidence showing that within two years prior to the issuance of the policy of insurance the insured had received institu-

tional, hospital, medical or surgical treatment for a disease of a serious nature.

It is our conclusion that the circuit judge was correct in holding that under the undisputed evidence the insured here had within two years prior to the issuance of the policy on his life received hospital and medical care for cirrhosis of the liver, a disease of a serious nature. Under these circumstances, the respondent was entitled to avoid the policy under the express terms of the provision which we have hereinbefore quoted.

The appellant asserts that the trial judge erred in granting the respondent's motion for a directed verdict and failing to submit the case to the jury, the error being that even though Judge Greneker had overruled the appellant's demurrer and the trial judge was bound by such order, there was sufficient evidence to raise the question of estoppel, which required the submission of this issue to the jury.

The essential elements of estoppel are the ignorance of the party who invokes the estoppel, representations or conduct of the party estopped which mislead, and an innocent and deleterious change of position in reliance upon such representations or conduct. *Johnson v. Wabash Life Ins. Co.*, 244 S. C. 95, 135 S. E. (2d) 620. We have carefully reviewed the entire testimony in the record and find no evidence warranting an estoppel against the respondent. It follows, therefore, that the respondent was not precluded from asserting that the claim of the appellant was not within the terms of the policy.

The exceptions of the appellant are overruled and the judgment below is affirmed.

LEWIS, BUSSEY and BRAILSFORD, JJ., and LEGGE, Acting J., concur.