EMMA K. HARDY v. PHOENIX MUTUAL LIFE INSURANCE COMPANY.

(Filed 13 October, 1920.)

1. **Insurance, Life—Policies—Noncontestable Clause—Actions.**

Under a clause in a life insurance policy making it incontestable after a year from its date, except for nonpayment of premiums, the insured has a right of action against the designated beneficiary after the death of the insured within that period, and living, to declare the policy void for fraud or material representations as to the health of the insured in his application, and being concluded by the express terms of the policy, the company may not thereafter maintain his action, except for the nonpayment of premiums due it thereunder. *Trust Co. v. Ins. Co.*, 173 N. C., 558, cited and applied.

2. **Insurance, Life—Noncontestable Clause—Conditions—Pleadings.**

The provisions of a life insurance policy that it is incontestable after a stated time, etc., are conditions upon which the contracts are made, and not a waiver, and not being in strictness "a short period statute of limitation," it is sufficiently pleaded when the policy sued on containing them is set out in the complaint as a part thereof.

**3. Insurance, Life—Policies—Noncontestable Clause—Contracts—Interpretation—Ambiguity.**

A clause in a life insurance policy making it incontestable after one year from its date, except for the nonpayment of premiums, is for the benefit of the insured in the acquisition of business, and being unambiguous, the courts will not interpolate additional words to the effect that it was necessary for the policy to have been in force for a year before the death of the insured.

**4. Insurance, Life—Policies— Noncontestable Clause— Actions— Limitations of Actions—Statutes.**

Where, under a clause in a policy of life insurance, it is uncontestable after a year from its date, with certain exceptions, and the insured has died within the period, leaving the designated beneficiary alive, the insured is not relieved of his obligations to bring its action to declare the policy void for matters falling without the exceptions, within the year from the date of the policy, either against the insured in his lifetime, or the beneficiary thereafter; and there having always been a party against whom the insurer could have brought its action, the provisions of Rev., 367, extending the time in certain instances, have no application.

APPEAL by defendant from *Connor, J.,* at the March Term, 1920, of PITT.

This is an action on an insurance policy issued by the defendant upon the life of Isaac Carson Hardy for the benefit of the plaintiff. The policy was attached to and made a part of the complaint, and contained an incontestable clause which is hereafter set out in the judgment rendered.

The defendant filed answer in which the issuing of the policy was admitted, but the defendant alleged that the insured was suffering from an incurable disease at the time of its issuance; that the statements in the application for the policy were false; that the agent who issued the policy committed a fraud upon the company, and that the policy was procured by fraud.

The action was tried two or three times in the Superior Court without final determination, and at the last trial the plaintiff moved for judgment upon the pleadings, contending that the incontestable clause shut off the defenses alleged in the answer, and his Honor rendered the following judgment upon said motion:

"This cause coming on to be heard before his Honor, George W. Connor, judge, and a jury, at the March Term, 1920, of the Superior Court of Pitt County, and being heard upon motion of plaintiff, as set out in the record made at the close of all the evidence, that the plaintiff have judgment upon the pleadings and admissions, and it appearing to

the court that the plaintiff is entitled to judgment upon the pleadings, and the following admissions made by the parties hereto, as follows, to wit:

"1. That the policy in suit, a copy of which is attached to both complaint and answer, was issued on 7 November, 1910, by the defendant upon the life of Isaac Carson Hardy, and that the plaintiff, his daughter, is the beneficiary named therein, and that she paid the first premium thereon; that said policy was delivered to the plaintiff upon the payment of said premium.

"2. That Isaac Carson Hardy died on 27 October, 1911, and before the expiration of one year from the date of said policy.

"3. That the said policy provided that the defendant company would pay the sum of one thousand dollars ($1,000) to the plaintiff upon the death of Isaac Carson Hardy, and that said policy contained a clause as a part thereof in the following words: 'Incontestibility: This policy shall constitute the entire contract between the parties hereto, and shall be incontestable after one year from its date except for nonpayment of premium as stipulated, subject, however, in case of understatement of age, to an adjustment of the insurance proportionate to premium at true age; in case of overstatement of age overpayments of premiums will be returned to the owner of this policy.'

"4. That no action of law or suit in equity was brought by defendant to cancel or annul said policy within one year from its date; the defendant, in the spring of 1911, and before the expiration of one year from the date of said policy, did request plaintiff to surrender said policy that it might be canceled, which offer and request was refused by the beneficiary; that defendant was able, willing, and ready to return the premium paid by plaintiff, and did pay same into clerk's office upon filing answer herein.

"5. That after the death of Isaac Carson Hardy, the defendant denied liability to the plaintiff on account of the said policy, and this action was begun by the plaintiff on 10 April, 1912, and the answer thereto having been filed on 24 May, 1912; that the defense relied upon by the defendant appears in its answer, it being admitted that there was no premium due to the defendant on account of said policy at the time of the death of Isaac Carson Hardy.

"The court being of the opinion that by reason of the incontestable clause contained in the policy, and the facts admitted in the pleadings and in the record, the defense set up by the defendant in its answer is not available to the defendant.

"It is now, therefore, upon motion of W. F. Evans and Julius Brown, attorneys for the plaintiff, ordered, considered, and adjudged that the

plaintiff recover of the defendant the sum of one thousand dollars ($1,000), with interest from 10 April, 1912, and the cost of this action to be taxed by the clerk."

The defendant excepted, and appealed, assigning the following errors:

"First. The first and only assignment of error, embracing the first and second exceptions, is to the action of his Honor in granting plaintiff's motion for a judgment upon the pleadings and the admissions, and to the judgment rendered, and that same is contrary to law, and for that defendant was entitled to have the defense set up in its answer submitted to the jury for the reason that:

"1. That insured died within one year from the date of the policy, and the true construction that the court ought to put upon the incontestable clause in the policy is 'That if the policy has been in force one year, or if the insured should survive one year after the death of the policy, it should be incontestable.'

"2. That in any event the clause in question is in the nature of a statute of limitations, and, therefore, ought to have been pleaded to have been available.

"3. For that the plaintiff having failed to plead the clause in question, and having met the issue of fraud upon its merits, and the case having been tried before two juries, and no such motion ever having been made before, the plaintiff, after nine years, by her laches, has waived her right to interpose any such defense at this late date."

*Evans & Eason and Julius Brown for plaintiff.*
*Albion Dunn for defendant.*

ALLEN, J. The incontestable clause in a policy of life insurance was very fully considered in *Trust Co. v. Ins. Co.,* 173 N. C., 558, and it was then held:

"1. A clause in a policy of life insurance, making it incontestable at the end of a year, covers the defense of the alleged bad health of the insured at the time of its delivery, and also that of false and fraudulent statements alleged to have been made by the insured in his application.

"2. Where a· policy of life insurance has been issued containing a clause making it noncontestable after the expiration of a year, except for nonpayment of premiums, after that period no defense is available to the insurer, in an action upon the policy, excepting the nonpayment of the premium, as therein stated.

"3. The noncontestable clause in a life insurance policy is for the benefit of the insurer in increasing its business by assurance that after the maturity of the policy, usually upon the death of the insured, its

collection will not be subject to the uncertainty and delay of litigation, or questioned except as to matters therein stated—in this case, the non-payment of the premiums.

"4. Where a policy of life insurance containing a clause making it noncontestable after the expiration of a year, except for nonpayment of premium, has been delivered and the premium paid therefor, an attempt by the insurer within that time, upon notification to the insured, to cancel the policy with tender of repayment of the premium upon a different ground than that stated in the clause, but not consented to or accepted by the latter, is a breach of the contract by the former; and it is necessary for the insurer, within the stated time, to bring suit in equity for the cancellation of the policy, or it will remain binding and enforcible upon the insurer's death."

It is also said in that case, and in others, that the effect of the clause is to create a short statute of limitations in favor of the insured, but speaking more accurately, it is contractual (*Dibbrell v. Ins. Co.,* 110 N. C., 193), and is sufficiently pleaded when the policy containing the clause is made a part of the complaint, as in this case.

The point is decided in *Mutual Life Insurance Company v. Buford et al.,* 160 Pacific, 928 (Okla.), and the Court says: "Where a policy of life insurance contains a provision that after two years from date of its issue, said policy is incontestable, such provision is not a waiver, but a condition; and where such condition is not specifically pleaded in the petition, but a copy of such policy of insurance is attached as an exhibit to and made a part of the petition, such condition as to incontestability of such policy of insurance is sufficiently pleaded."

Nor does section 367 of the Revisal, which extends the time for the commencement of an action under certain conditions upon the death of a party, enlarge the time within which the defendant could bring an action to cancel the policy, because the beneficiary in the policy, against whom the action could be brought, is still alive, and we find nothing in the record to prevent the plaintiff from taking full benefit of the incontestable clause in the contract of insurance.

The remaining question, and one not heretofore decided in this Court, is as to the effect on the incontestable clause of the death of the insured within one year from the date of the policy, and this depends largely upon the language used, and the purpose for which the clause was inserted in policies.

It says it "shall be incontestable after one year from its date, except for nonpayment of premium," and if we adopt the view of the defendant that this means, "That if the policy had been in force one year, or if the insured should survive one year after the date of the policy, it should be incontestable," we must insert in the contract, expressed in simple,

unambiguous language, stipulations which do not appear there, and which materially affect the contract of the parties, which we are not at liberty to do.

Again, "This clause, which has been generally adopted by the insurance companies, is not primarily for the benefit of the insured, but for the benefit of the insurance company itself.

"It was adopted because, in many instances, insurance is taken out for the benefit of the wife and children, and frequently the hope of a reasonable income after death to those dependent upon him was defeated by defense which could not have been sustained if the insured had been alive.

"This deterred many from taking out insurance, and the companies adopted the incontestable clause for the purpose of increasing their business. . . . No reasonable construction can be placed upon such provision other than that the company reserves to itself the right to ascertain all the facts and matters material to its risk, and the validity of their contract for one year, and if within that time it does not ascertain all the facts, and does not cancel and rescind the contract, it may not do so afterwards upon any ground then in existence." *Trust Co. v. Ins. Co., supra.*

If, therefore, there is nothing in the clause itself changing its terms or effect upon death of the insured within one year, if the clause was inserted for the benefit of the insurance company, to enable it to increase its business, if the period of one year after which the policy was to become incontestable, was to afford opportunity to the company to make its investigations and to commence an action for the cancellation of the policy, and if during the whole of the year some one has been in existence, the beneficiary, against whom an action could be brought, we see no reason for refusing to give the plaintiff the full benefit of the clause as it is written.

The death of the insured did not place the defendant at any disadvantage under the policy, nor stop its investigations, nor did it affect its right to commence an action, and in most cases death would inure to the benefit of the company, if it contemplated an action to cancel the policy by removing a hostile witness.

Our investigations, and those of counsel, indicate that the question has arisen very few times, and that the question, then, has been decided in accordance with this opinion. *Ebner v. Insurance Co.,* 121 N. E. (Ind.), 315, and *Manahan v. Insurance Company* (Ill.), L. R. A., 1918, D 1196, are directly in point.

In the *Ebner case* the insurance company brought an action for the cancellation of the policy two days before the expiration of the incontestable period, and after the death of the insured; and the appellate

court held that the proceeding was proper and legal, and said: "That if, as a result of such investigation, or of knowledge otherwise obtained, the insurer desires to contest the policy, appropriate steps to that end, either by a defense to an action brought on the policy in case of death of the insured, or by proper affirmative action, must be taken within the year; otherwise that the policy becomes incontestable, save as to conditions excepted from the noncontestable clause."

And in the *Manahan case:* "Incontestable provisions of insurance policies have been held valid as creating a short statute of limitations in favor of the insured, the purpose of such provisions being to fix a limited time within which the insurer must ascertain the truth of the representations made. *Royal Circle v. Achterrath,* 204 Ill., 549; 63 L. R. A., 452; *Flanigan v. Federal L. Ins. Co.,* 231 Ill., 399; 83 N. E., 178; *Weil v. Federal Life Insurance Co.,* 264 Ill., 425; 106 N. E., 246; Ann. Cas., 1915 D, 974. This being the purpose for fixing a specified time after which the policy shall be incontestable, it is not apparent, as plaintiff in error suggests, that the meaning of the clause here involved is that the policy shall not become incontestable until it has been in force for two years. There is nothing in this clause to indicate that the parties were contracting that plaintiff in error should have two years during the lifetime of Fay in which to investigate and determine whether false statements had been made in the application of the insurance. Plaintiff in error reserves two years time in which to make such investigation, and to determine whether there has been such a breach of warranty as would authorize it to rescind its contract.

"This clause can be construed as insisted upon by plaintiff in error only by reading into it that which is not there. This provision of the policy is in the language chosen by plaintiff in error, and constitutes a part of the contract which it entered into with Fay. . . . Some of the rights and obligations of the parties to a contract of insurance necessarily becomes fixed upon the death of the insured. The beneficiary has an interest in the contract, and as between the insurer and the beneficiary all the rights and obligations of the parties are not determined as of the date of the death of the insured. The incontestable clause in a policy of insurance inures to the benefit of the beneficiary after the death of the insured, as much as it inures to the benefit of the insured himself during his lifetime."

We are therefore of opinion the plaintiff was entitled to judgment on the pleadings.

Affirmed.