HUGH L. MAUNEY v. METROPOLITAN LIFE INSURANCE COMPANY.

(Filed 26 February, 1936.)

1. **Insurance K f—Effect of incontestability clauses in general.**

   An incontestability clause in a policy of life insurance precludes insurer, after the lapse of the time therein stipulated, from setting up the defense of fraud in the procurement of the policy, and all other defenses except nonpayment of premiums.

2. **Courts B b—Recorder's court held to have no jurisdiction to grant affirmative equitable relief.**

   The Superior Courts are given exclusive original equity jurisdiction, except such equity jurisdiction as is directly given courts inferior to the Superior Courts by statute, and a recorder's court not given equity jurisdiction, ch. 390, Public-Local Laws of 1931, is without power to decree the cancellation and rescission of an insurance policy for fraud upon such defense raised by insurer in an action instituted by insured to recover disability benefits in a sum within the jurisdiction of the recorder's court, since such decree affords affirmative equitable relief and goes beyond the power of the court to consider equitable matters raised merely as a defense to an action within its jurisdiction.

3. **Insurance K f—Held: Insurer failed to set up fraud in court of competent jurisdiction within time allowed in incontestability clause.**

In order for insurer to rescind for fraud a policy containing an incontestability clause, it is necessary that insurer, within the time allowed in the incontestability clause, bring an action therefor or set up such defense in an action instituted in a court having jurisdiction to grant the affirmative relief of rescission, and such defense set up by insurer within the time allowed in the policy in an action on the policy instituted by insured in a recorder's court having no equitable jurisdiction, is insufficient, and the incontestability clause will prevent the insurer from setting up the defense in a second action in the Superior Court thereafter instituted by insured after expiration of the time provided in the contract in which insurer might contest the policy. In this case judgment was rendered in the recorder's court decreeing rescission, and insured appealed, took a voluntary nonsuit in the Superior Court, and instituted a new action.

4. **Judgments L b—Judgment rendered by court without jurisdiction is void and will not bar subsequent action.**

In an action for disability benefits instituted by insured in a recorder's court, within the time allowed in the incontestability clause for rescission by insurer, judgment was rendered in insurer's favor adjudging that insured recover nothing, and that the policy be canceled and rescinded for fraud in its procurement. Insured appealed, but took a voluntary nonsuit in the Superior Court, and thereafter instituted a new action, after the expiration of the time allowed in the policy for rescission by insurer, to recover disability benefits accruing since the rendition of the judgment in the recorder's court. *Held:* The recorder's court was without jurisdiction to grant the affirmative equitable relief of rescission, and its judgment of recission was void and does not bar insured from setting up in the second action the incontestability clause in the policy to prevent insurer from setting up the right to rescind the policy for fraud in its procurement.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by the defendant from *Warlick, J.,* at February Term, 1935, of BUNCOMBE. No error.

The issues submitted to and answers made by the jury were as follows:

"1. Did the defendant issue and deliver to the plaintiff its policy No. 6809832-A, and were all premiums due on said policy paid or either tendered up to and including 2 November, 1932? Answer: 'Yes,' by consent.

"2. Has the plaintiff been continuously totally disabled as the result of bodily disease from engaging in any business or occupation and performing any work for compensation or profit from 19 November, 1931? Answer: 'Yes.'

"3. Did the plaintiff, on or about 21 March, 1932, file with the defendant due proof of his disability? Answer: 'Yes.'

"4. Is the defendant, by reason of the incontestability clause in the policy and in the disability clause attached thereto, precluded from

setting up the defenses of fraud pleaded in the answer? Answer: 'Yes.'

"5. What amount, if any, is the plaintiff entitled to recover of the defendant on account of the disability benefits pleaded in the complaint? Answer: '$1,074.15, and interest at 6 per cent.'

"6. What amount, if any, is the plaintiff entitled to recover of the defendant on account of premiums paid under protest, subsequent to the plaintiff's disability? Answer: '$104.82.'"

From judgment based on the verdict, the defendant appealed, assigning errors.

*Johnson, Rollins & Uzzell for plaintiff, appellee.*
*Harkins, Van Winkle & Walton and P. W. Garland for defendant, appellant.*

SCHENCK, J. There is no conflict in the evidence. It all tends to show the issuance of the policy, the payment of premiums, the total and permanent disability of the insured from the date claimed, the notice to the insurance company of such disability, and the institution of this action after the expiration of two years from the issuance of the policy. The two-year incontestability clause in the policy sued on is made applicable to the "Supplemental Contract" for "Total and Permanent Disability" by these words: "No other provisions of said policy shall be held or deemed to be a part hereof, except (a) the provisions of said policy as to incontestability shall apply hereto, . . ." The amounts contained in the answers to the fifth and sixth issues were agreed upon by the parties.

The controversy centers around the fourth issue.

The defendant issued an income policy, fifty-three-year endowment, upon the life of the plaintiff for six thousand dollars, dated 2 February, 1931, by the terms of which the defendant agreed to waive further payment of premiums and to pay certain benefits to the plaintiff, should he become totally and permanently disabled, the terms and conditions under which said benefits were payable being fully set forth therein. About May, 1931, the plaintiff permitted said policy to lapse for nonpayment of premiums, and, upon application, the policy was reinstated 28 September, 1931. About March, 1932, plaintiff made application to the defendant for benefits under the policy, and the defendant tendered to the plaintiff the return of all premiums, with interest, and notified him that it would resist and contest any payment under the policy, which return premiums the plaintiff declined to accept.

On 1 September, 1932, the plaintiff instituted an action in the recorder's court of Cleveland County to recover the amount of benefits under said policy on account of alleged total and permanent disability from

19 November, 1931, till the institution of the action, namely, $480.00. The defendant filed an answer in said recorder's court, in which it alleged that it had been induced to issue the policy by reason of false and fraudulent statements as to the condition of the health of the plaintiff, which were made in his written application for insurance dated 26 January, 1931, and that the defendant had been induced to reinstate said policy by reason of similar false and fraudulent statements made in the plaintiff's application for reinstatement of the policy dated 28 September, 1931.

The cause came on for trial in the recorder's court on 7 October, 1932, and judgment was rendered in favor of the defendant, from which the plaintiff appealed to the Superior Court of Cleveland County. The case pended on appeal in the Superior Court of Cleveland County until the March Term, 1934, thereof, when the plaintiff took a voluntary nonsuit, and thereafter, on 8 June, 1934, instituted this action in the Superior Court of Buncombe County.

At the trial of the instant case his Honor, Warlick, J., held that the judgment in the recorder's court of Cleveland County was a bar to the recovery by the plaintiff of the amount sued for in that court, but was not a bar to the recovery of additional benefits accruing after that suit was instituted, and permitted the plaintiff to offer evidence tending to establish that such additional benefits had accrued.

Judge Warlick refused to permit the defendant to introduce evidence to sustain its alleged defense based upon the procurement of the policy by false and fraudulent statements as to the condition of the plaintiff's health, made in his applications for insurance and reinstatement, for the reason that the instant action was commenced after the time limit in the incontestability clause had elapsed, and charged the jury that if they found the facts to be as shown by all the evidence they would answer the issues as shown in the record.

The court's ruling denying the defendant the right to introduce evidence tending to establish its defenses based upon allegations of fraud in the procurement of the policy, and holding that the incontestability clause was applicable to this case, were made the bases of the defendant's exceptive assignments of error.

The first question presented to us for determination is whether the judgment in the recorder's court of Cleveland County is a bar to the plaintiff's setting up the incontestability clause of the policy. That judgment is as follows:

"This cause, coming on to be heard before the undersigned recorder *pro tem* for the recorder's court of Cleveland County, on 7 October, 1932, and being tried, and after the introduction of evidence by the plaintiff and defendant and the argument of attorneys, the court is of

the opinion that the plaintiff is not to recover anything from the defendant in this action, and the issues of fact are answered in favor of the defendant;

"Now, therefore, it is order, adjudged, and decreed by the court that the plaintiff take nothing by this action. It is further ordered that the policy of life insurance sued upon by the plaintiff be and the same is hereby canceled and this action dismissed, and the costs are taxed against the plaintiff."

It is well settled in this jurisdiction that a clause in a policy of life insurance making it incontestable after a given time covers the defense of alleged bad health of the insured at the time of delivery, and also that of false and fraudulent statements alleged to have been made by the insured in his application, as well as all other defenses except nonpayment of premiums. *Hardy v. Insurance Co.,* 180 N. C., 180, and cases there cited.

The recorder's court of Cleveland County had jurisdiction of the amount sued for, namely, $480.00, by reason of alleged disability benefits accruing up to the time of the institution of the action therein, and the holding of the Superior Court that that portion of the recorder's judgment to the effect that the plaintiff take nothing was a bar to his recovery of that amount in this action is not appealed from. However, that portion of the judgment of the recorder's court which provides that the life insurance policy sued upon by the plaintiff be canceled was void, since it was an attempt to administer equitable relief, namely, cancellation or rescission, and the recorder's court of Cleveland County is without equitable jurisdiction.

Professor McIntosh, in his valuable work, N. C. Prac. and Proc., par. 62, p. 60, in speaking to the subject of the jurisdiction of our courts, says: "The Superior Court, prior to 1868, had exclusive equity jurisdiction, to be administered in accordance with the procedure existing in the English court of chancery. The new Constitution abolished the distinction between the two systems of procedure, but left the rights and remedies to be administered by the Superior Court, with all the powers formerly exercised by it as a court of equity. Such jurisdiction is still exclusive, in the absence of statutes conferring it upon some other court." The recorder's court of Cleveland County was created by chapter 243, Public-Local Laws of 1911, and an examination of this statute, and of the amendment thereto, chapter 390, Public-Local Laws of 1931, fails to reveal that any equitable jurisdiction has been conferred upon the court thereby created. While the recorder's court of Cleveland County, in like manner as a justice of the peace, may have the right to allow an equitable defense, this does not extend to it the right to affirmatively administer equitable relief. See cases cited under par. 62, N. C. Prac. and Proc., *supra.*

SMITH *v.* INSURANCE CO.

The setting up in the answer in the recorder's court of the defense of fraud in the procurement of the policy, and the tendering of the amount of premiums theretofore paid, was nothing more than notice by the defendant to the plaintiff of its intention to rescind the policy. It was not a rescission thereof for the reason that the company alone could not rescind it, nor could the company procure a valid judgment rescinding it from a court without equitable jurisdiction. It was necessary for the insurer, within the time allowed in the incontestability clause, to bring suit in a court of competent equitable jurisdiction for the cancellation of the policy to prevent it from remaining binding and enforceable by the insured. *Trust Co. v. Insurance Co.,* 173 N. C., 558. "Like other written contracts, it (the policy) may be set aside or corrected for fraud or for mutual mistake; but, until this is done, the written policy is conclusively presumed to express the contract it purports to contain." *Wilson v. Insurance Co.,* 155 N. C., 173 (175).

The court was correct in holding that the judgment of the recorder's court was not a bar to the plaintiff's setting up the incontestability clause in this action, and, since such clause was so set up, the court was also correct in ruling that the evidence tending to show the ill health of the plaintiff or false and fraudulent statements in his applications for insurance and reinstatement was incompetent, since under the two-year incontestability clause the policy could be contested in this action, instituted more than two years since the issuance of the policy, only upon the ground of nonpayment of premiums.

In the trial and judgment in the Superior Court we find

No error.

DEVIN, J., took no part in the consideration or decision of this case.