ISAAC MILLS ET AL. v. METROPOLITAN LIFE INSURANCE COMPANY.

(Filed 23 September, 1936.)

1. Insurance E b—

The effect of an incontestable clause in a policy of life insurance is to preclude insurer from attacking the validity of the policy after the stipulated time except for such causes as are specifically allowed in the incontestable clause itself.

2. Same—Incontestable clause held to apply to disability insurance rider attached to policy under the language of the policy in this case.

The policy in suit specifically excepted the rider providing disability insurance from the operation of the incontestable clause. The rider providing disability insurance stipulated that the incontestability provisions of the policy should apply thereto. Held: The ambiguity created by the conflicting provisions of the policy and the disability rider as to whether the incontestable clause should apply to the disability insurance, must be resolved in favor of the insured.

3. Same—Incontestable clause does not bar insurer from showing that disability originated prior to issuance of policy and was not covered.

The disability clause of the policy in suit provided benefits upon the total disability of insured by bodily injury or disease "occurring and originating after the issuance of the policy." The disability clause was subject to the incontestable clause of the policy. In a suit by insured upon the disability clause, insurer alleged that the disability insurance was procured by fraud and that the alleged disability resulted from a disease originating prior to the issuance of the policy and was not covered by the terms of the disability clause. Held: The incontestable clause precludes insurer from attacking the validity of the disability insurance on the ground of fraud, but does not preclude insurer from denying the genuineness of the disability claimed or asserting that the alleged disability is not covered by the terms of the policy.

APPEAL by defendant from McElroy, J., at March Term, 1936, of BUNCOMBE.

Civil action to recover on total and permanent disability clauses in supplemental contracts attached to and made parts of two life insurance policies.

Upon the payment of the first annual premiums, the defendant, on 24 June, 1925, issued to the plaintiff two $5,000 life insurance policies, with riders or supplemental contracts attached, each providing for disability benefits in case of total and permanent disability, "as a result of bodily injury or disease occurring and originating after the issuance of said policy."

On the face of each policy is an incontestable clause in the following language:

"3. *Incontestability:*—This policy shall be incontestable after it has been in force for a period of two years from its date of issue, except for nonpayment of premiums, and except as to provisions and conditions relating to benefits in the event of total and permanent disability, and those granting additional insurance specifically against death by accident, contained in any supplementary contract attached to and made part of this policy."

Each rider or supplemental contract contains the following:

"The provision of the said policy as to incontestability shall apply hereto, but shall not preclude the company from requiring as a condition to recovery hereunder, due proof of such total and permanent disability as entitles him to the benefits hereof."

During the summer of 1927, plaintiff made claim for total and permanent disability benefits under the policies above mentioned, which was allowed by the defendant up to and including the month of August, 1932, when defendant notified plaintiff that no further payments would be made, contending that proof of claim was based upon false and fraudulent statements, which defendant had relied upon to its injury.

This suit was instituted 15 September, 1934, to recover alleged disability benefits accruing since. August, 1932, under the supplemental contracts attached to the policies in suit.

Denial of liability interposed by the defendant upon the ground that plaintiff's disability was not the result of bodily injury or disease "occurring and originating after the issuance of said policies"; and counterclaim pleaded for amount of benefits already paid.

The defendant was not allowed to show its alleged defense and counterclaim because of the incontestable clauses contained in the policies. Exception.

Verdict and judgment for plaintiff, from which defendant appeals, assigning errors.

*Joseph A. Patla and Johnston & Horner for plaintiffs, appellees.*
*Harkins, Van Winkle & Walton for defendant, appellant.*

STACY, C. J. Do the incontestable clauses in the policies in suit preclude the defendant from showing that plaintiff's original claim for disability benefits was grounded on false and fraudulent statements, as alleged, and that a continuation of said claim—the gravamen of plaintiff's present complaint—does not fall within the terms of the supplemental agreements? This calls for an analysis and construction of the contracts.

With respect to the original policies, there are numerous decisions to the effect that an incontestable clause cuts off all defenses except those allowed *eo nomine* in the clause itself. *Trust Co. v. Ins. Co.,* 173 N. C., 558, 92 S. E., 706. Specifically, it has been held that an incontestable clause covers the defense of alleged bad health of the insured at the time of the delivery of the policy, as well as that of false and fraudulent statements alleged to have been made by the insured in his application and incorporated in the policy. *Wamboldt v. Ins. Co.,* 191 N. C., 32, 131 S. E., 395; *Hardy v. Ins. Co.,* 180 N. C., 180, 104 S. E., 166. The purpose of an incontestable clause is to set these matters at rest after the specified time mentioned therein. *Mauney v. Ins. Co.,* 209 N. C., 503, 184 S. E., 82.

It will be observed that the instant clauses contain exceptions "as to provisions and conditions relating to benefits in the event of total and permanent disability." If these exceptions stood alone, the decision in *Smith v. Ins. Co.,* 209 N. C., 504, 184 S. E., 21, would perhaps afford the defendant some comfort. But the incontestable clauses are brought forward by specific references and made parts of the supplemental contracts. Hence, to say the supplemental contracts are excepted from the incontestable clauses, while said clauses are specifically incorporated in the supplemental contracts, seems somewhat inconsistent. At any rate, the references are sufficiently uncertain in meaning to create an ambiguity. In this situation, the general rule is to adopt the construction more favorable to the insured (*Underwood v. Ins. Co.,* 185 N. C., 538, 117 S. E., 790; *Bank v. Ins. Co.,* 95 U. S., 673), which, in the instant case, would cut off the defense of alleged bad health of the insured at the time of the delivery of the policies, and also that of false and fraudulent statements alleged to have been made as inducements to delivery. The holding in *Smith's case, supra,* therefore may be put aside as inapposite.

With the view just expressed, the defendant says it has no quarrel. It is not contesting the validity of its contracts. Its contention is, that plaintiff's claim is a spurious one, and that it is not covered by the terms of the contracts, but expressly excluded thereby. The provisions in the supplemental contracts, making the incontestable clauses applicable thereto, do not preclude the defendant from requiring, as a condition

to recovery thereunder, "due proof of such total and permanent disability as entitles him (plaintiff) to the benefits hereof." *Carter v. Ins. Co.,* 208 N. C., 665, 182 S. E., 106.

We are aware of no decision which would deny to a defendant the right to dispute the genuineness of plaintiff's claim, or to controvert the question of liability under its contracts. *McCabe v. Casualty Co.,* 209 N. C., 577, 183 S. E., 743; *Jolley v. Ins. Co.,* 199 N. C., 269, 154 S. E., 400; *Scarborough v. Ins. Co.,* 171 N. C., 353, 88 S. E., 482. To contend for a limitation of the coverage clause in a policy of insurance is not to contest its validity. *Reinhardt v. Ins. Co.,* 201 N. C., 785, 161 S. E., 528; *Gilmore v. Ins. Co.,* 199 N. C., 632, 155 S. E., 566. This is all the defendant seeks to do in the instant case. Its defense is, that plaintiff's disability was not, and is not, the result of bodily injury or disease "occurring and originating after the issuance of said policies." Denial of coverage ought not to be confused with the defense of invalidity. *Ins. Co. v. Conway,* 252 N. Y., 447. The defendant is entitled to be heard on the issue of coverage and the genuineness of plaintiff's claim.

New trial.