17316

ZENA BLACKWELL, Respondent, v. UNITED INSURANCE
COMPANY OF AMERICA, Appellant

(99 S. E. (2d) 414)

See also 229 S. C. 296, 92 S. E. (2d) 702.

536

*Messrs. Carlisle, Brown & Carlisle,* of Spartanburg, *for Appellant,*

*Messrs. Whiteside & Smith,* of Spartanburg, *for Respondent,*

July 1, 1957.

STUKES, Chief Justice.

The respondent was the beneficiary of a $1,000.00 policy of appellant upon the life of the insured, who was the uncle of respondent. The policy was dated and issued May 23, 1953. The insured died òf heart disease on February 24, 1955. This action for the death benefit of the policy was commenced on August 8, 1955, which was more than two years after the date of the policy.

The application by the insured for the policy contained the following:

"Q. Are you in good health at present? A. Yes.

"Q. Have you been a patient in any Hospital during the past 10 years? If so, date: A. No.

"Q. Has it been necessary for you to consult a doctor during the past two years? If so, date: A. No."

The application was accompanied by the certificate and signature of an agent of the company, designated "Mgr.", presumably for manager, that he personally saw the applicant on May 12, 1953, and that he recommended acceptance of the application. The appellant insurer denied liability by reason of two provisions of the policy, which follow:

(1) "No obligation is assumed by the Company prior to the date hereof, nor unless on said date the insured is alive and in sound health and the policy delivered and the first premium paid thereon;"

(2) "Limitation of Insurance. In consideration of there being no medical examination of the physical condition of the insured, it is hereby understood and agreed that no liability of any kind is assumed by the company for death or specific losses, resulting directly or indirectly from diseases originating or accidents occurring before the date and delivery of this policy, except a refund of premiums paid."

At the trial evidence was adduced which established that the insured was suffering from heart disease when the policy was issued and delivered, and that he had been previously

hospitalized several times. The cause of death in the certificate was coronary occlusion and the antecedent cause was "heart trouble." Respondent objected to the relevancy of this evidence upon the ground that the defenses of appellant, which were based upon the above quoted provisions of the policy, were barred by lapse of time perforce the provisions of Section 37-161 of the Code of 1952, which is quoted in part, as follows:

"All companies which issue a policy or certificate of insurance on the life of a person shall, after a period of two years from the date of such policy or certificate of insurance, be deemed and taken to have waived any right they may have had to dispute the truth of the application for insurance or to assert that the assured person had made false representations and such application and representations shall be deemed and taken to be true. * * *"

The policy did not contain an incontestable clause, but the statute became a part of the policy upon issuance "as effectually as if it had been written therein." *New York Life Ins. Co. v. Greer*, 170 S. C. 151, 169 S. E. 837, 839. *Weston v. Metropolitan L. Ins. Co.*, 206 S. C. 128, 33 S. E. (2d) 386, 157 A. L. R. 1198. "* * * A two year incontestability statute is part of a life policy. If such contract fails to contain this clause, it will be construed as if it had been incorporated therein at the time of issuance, and if any conflict arises between the policy and the statute, the conflict will be resolved in favor of the latter." 12 Appleman 75, Sec. 7046. "Incontestable, as used in life insurance policies, means indisputable; in other words, that after the expiration of a certain period of time, the insurer will no longer be able to set up matters which would formerly have been a defense to a suit on the policy." 1 Appleman 344, Sec. 311. The following definition is that of Justice Cardozo in *Metropolitan L. Ins. Co. v. Conway*, 252 N. Y. 449, 169 N. E. 642: "It (an incontestable clause) means only this, that within the limits of the coverage the policy shall stand, unaffected by any defense that it was invalid from its inception,

or thereafter became invalid by reason of a condition broken." Our court said in *Livingston v. Mutual Ben. L. I. Co.*, 173 S. C. 87, 174 S. E. 900, 901, per Chief Justice Blease: "The 'incontestable clause' relates to the validity of the contract of insurance. It does not affect the construction of the terms of the contract. * * * The incontestable clause 'controls all matters which would have the effect of defeating or destroying the contract of life insurance such as those relating to the cause of death or the habits of the insured, although it will not control matters which affect the remedy merely.' Elliott on Insurance, p. 410."

Statutes of some states require insurers to include incontestability clauses in their policies. See for example *Guardian L. I. Co. of America v. Barry*, Ind. App., 1937, 6 N. E. (2d) 725, and *Horwitz v. New York L. Ins. Co.*, 9 Cir., 1935, 80 F. (2d) 295. In the latter it was held that the date of issue of the policy started the running of the statutory period of two years, rather than the date of the subsequent addition of the disability clause, with which the controversy was concerned.

By consent of counsel trial of the case in judgment was withdrawn from the jury and the issues were submitted to the court which found that the statute overrode the above quoted provisions of the policy, and rendered judgment for respondent. This appeal followed.

Appellant argues that by its defenses it is not disputing the truth of the application and that the quoted policy provisions created an exception from the risk and a limitation upon the insurance. We think that its reasoning is specious because the sound health provision and that with respect to preexisting disease collide headlong with the statute which provides that the answers in the application "shall be deemed and taken to be true", which means that after lapse of two years the applicant was, for the purposes of the policy, in good health and had no disease upon the date of it.

Sustention of appellant's contentions in this case would nullify the statute. That conclusion is controlling here, and

is as far as we need go. We do not hold that there cannot be a valid exception from or limitation upon, the risk, which will not fall before the statute. We simply hold that those here do. "* * * The better rule is clearly that the incontestable clause relates only to the validity of the contract and should not affect in any way whatsoever the construction of the terms thereof. Thus the insurer will not be barred from questioning the genuineness of the loss, the amount of its liability, or to contend that the loss was not within the risk assumed." 1 Appleman 384, Sec. 331.

The following is quoted from 29 Am. Jur. 675, 6, Insurance, Sec. 881 : "Accordingly, where life insurance policies are, by their terms, incontestable after a specified period, no contest can be made after that time on the ground of ill health or physical disability when the policy was issued, even though the policy provides that it shall not take effect unless the insured is in good health when the policy is issued or delivered." And the following from 45 C. J. S., Insurance, § 751 h, pp. 775, 776 : "A defense that no obligation was assumed because insured was not in sound health on the date of the issuance of the policy is barred by an incontestable clause, particularly where the incontestable clause expressly so provides. Likewise a defense that, under the express conditions of the policy, no death benefit is payable where the death is caused by a disease existing prior to, or at the date of, the policy, or insured is not in sound health at the time of issuance of the policy, is barred by an incontestable clause * * *."

There is an annotation in 88 A. L. R. from which we quote the following observation of the editor at page 773 : "The general rule is that a provision in an insurance contract limiting the time in which the insurer may take advantage of certain facts that might otherwise constitute a good defense to its liability on such contract precludes every defense to the policy other than the defenses excepted in the provision itself, including false answers in the application, and even fraud, where the time designated by the contract is not unreasonably short."

1 Appleman 389-391, Sec. 333, contains a concise summary of the presently applicable law, as follows: "It was pointed out in the previous discussion in this text that matters pertaining to the health of the insured are of the greatest importance to insurers of such deeply personal matters as health and lives. The company is given, by the incontestable clause (here statute) a reasonable period of time to check into and to ascertain the truth of the declarations made by the applicant and to take such action as will protect its rights. If it fails to do so, then these defenses are barred. This is true regardless of the fact that the company may contend that the policy cannot go into force unless the insured were in sound health upon the policy date. The same result is obtained upon that important condition requiring that the insured be in good health at the time of delivery. Similarly, the insurer is debarred from the defense of misrepresentations as to health, medical attendance, and freedom from disease immediately upon the expiration of the specified period, and such result is obtained notwithstanding the agent and the insured may have conspired together to defraud the insurer. Nor does the mere provision in the policy that it shall be void in the event of certain contingencies make it void despite the incontestable clause."

Decisions which support the foregoing texts are digested in 88 A. L. R. 781 *et seq.* They involved policies which included (1) incontestable and (2) sound health provisions. A leading case among them is *Mutual Reserve Fund Life Ass'n v. Austin,* 1 Cir., 142 F. 398, 6 L. R. A., N. S., 1064, the holding of which is summarized in the following syllabus: A provision in an insurance policy that, if the policy shall have been in continuous force for three years, it shall thereafter be incontestable, cannot be held to be inapplicable to a policy delivered when the insured was not in good health, on the theory that because the policy provided that it should not take effect until delivered while the insured was in good health, it never was in force.

The following cited cases are of like tenor and holding: *Riley v. Industrial Life etc. Co.,* 190 Ga. 891, 11 S. E. (2d) 20; *Equitable L. Assur. Soc. of United States v. Deem,* 4 Cir., 1937, 91 F. (2d) 569; *Nat. L. & A. Ins. Co. v. Kessler,* 1935, 120 Pa. Super. 277, 182 A. 117; *Hardy v. Phoenix Mut. L. Ins. Co.,* 1920, 180 N. C. 180, 104 S. E. 166, where it was alleged that the insured and the agent of the insurer fraudulently colluded to conceal the former's affliction with an incurable disease when the policy was issued. *Mauney v. Metropolitan L. Ins. Co.,* 1936, 209 N. C. 499, 184 S. E. 82; and *Hurt v. New York L. Ins. Co.,* 10 Cir., 1931, 51 F. (2d) 936, affirmed on rehearing 53 F. (2d) 453, certiorari denied 285 U. S. 541, 52 S. Ct. 313, 76 L. Ed. 934. From the opinion in the first cited we quote: "By the great weight of authority, such an incontestable clause likewise excludes any operation of an additional clause, that, in order for the policy to take effect, the insured must have been in good health on its date, even though at that time he was in bad health, and, as in this case, was afflicted with an incurable disease from which he died after the time limit stated in the incontestable clause. (Citations.)"

The most of the relevant authorities relate to an incontestability clause contained in the policy involved, while here the statute supplies its omission from the policy. In that respect the Texas case of *Atlanta Life Ins. Co. v. Cormier,* 1935, 126 Tex. 179, 85 S. W. (2d) 1045, 1046, is on allfours with the case in hand. A provision of the policy excepted death from disease contracted prior to the date of it. The insured died of epilepsy, with which he was afflicted before the policy was issued. The court disposed of the defense in the following quotation from the opinion by the present Chief Justice Hickman:

"An answer to the question certified is afforded by the opinion of this court in *First Texas State Insurance Co. v. Smalley,* 111 Tex. 68, 228 S. W. 550. In that case it was held that the statute last above quoted rendered void a provision of a policy of life insurance that, in the event the death

of the insured should result from any pulmonary disease having its beginning within 12 months from the date of the policy, the liability of the company was limited to one-half of the amount stated in the face thereof. There is no real distinction between the question there decided and the one presented in the instant case. If a provision for the payment of less than the full amount for which the policy is issued is void, certainly a provision for the payment of nothing at all is void. Life insurance companies issuing policies of life insurance in this state are not left free to determine what exceptions they will write into their policies. The statutes name the permitted exceptions, and a provision adding other exceptions is void. Any other construction of the statutes would thwart the evident purpose of their enactment. If the exception attempted to be made in this case should be upheld as valid, there would be no limit to the number of exceptions that could be written into a policy of life insurance, and, by multiplying them, an insurance company could whittle down the risks it assumes until its policies would have but little, if any, real value. To prevent this was the purpose for which the statutes were enacted."

It is noted that the language (but not the holding) of the Teras court goes further than we need go in this case. The attempted "exceptions" with which we are here concerned are only the sound health and preexisting disease clauses in the policy at hand, which we have quoted above. Conversely, in the later Texas case of *National Life Underwriters v. Williams,* Tex. Civ. App. 1946, 197 S. W. (2d) 487, the insurer was a fraternal concern and not subject to the statute requiring an incontestable clause, but the policy contained one. It also contained a sound health provision. The court said: "The general rule is that after the period of contestability * * * has expired the insurer is precluded from contesting the policy on any ground not specifically excepted in such clause."

Of the cases cited in the brief of appellant, *Equitable Life A. Soc. of United States v. First Nat. Bank,* 5 Cir., 1940,

113 F. (2d) 272, 135 A. L. R. 439, held that a statute similar to ours did not prevent the insurer from invoking an age adjustment clause of the policy. *Metropolitan L. I. Co. v. Shalloway*, 5 Cir., 1945, 151 F. (2d) 548, held that the incontestability clause of the policy did not avoid the age adjustment clause. (Our statute so provides in a portion of it which is not quoted above.) *Mack v. Connecticut Gen. L. I. Co.*, 8 Cir., 1926, 12 F. (2d) 416, held that the clause of the policy relating to suicide of the insured within two years was the exclusion of a risk and could be asserted by the insurer despite the incontestable clause of the policy and a two-year incontestable statute. (There appears to be a division of authority upon the latter question, which has no present relevancy.) *Flannagan v. Provident L. & A. Ins. Co.*, 4 Cir., 1927, 22 F. (2d) 136, was not concerned with either an incontestability policy provision or statute. *Apter v. Home L. Ins. Co.*, 266 N. Y. 333, 194 N. E. 846, 98 A. L. R. 1281, was a controversy with reference to disability provisions in life policies. They contained incontestable clauses, but no statute was involved. Judgment for plaintiff was reversed for new trial for error in the exclusion of evidence. It is seen that none of these decisions is apposite here.

*Ellis v. Capital L. & H. Ins. Co.*, 229 S. C. 388, 93 S. E. (2d) 118, is cited by appellant as controlling. It was upon a policy of identical provisions as this, but the period of the incontestability statute had not run when the action was brought and naturally it was not mentioned in the case. Indeed, the insured entered the hospital on the date, and day of delivery, of the policy, underwent an operation and died within two months, of pre-existing brain cancer. Action was commenced within two years from the date of the policy and the effect of the incontestability statute was not in issue.

Appellant cites other decisions of this court which have been carefully considered. None of them is pertinent to the issues of the case *sub judice*.

Affirmed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.