### 17562

J. B. PARKER, by Lizzie C. Parker, G/A/L, Respondent, v.
PROGRESSIVE LIFE INSURANCE COMPANY,
Appellant

(110 S. E. (2d) 5)

*Messrs. Bird & Howell,* of Atlanta, Georgia, and *Shuler & Harrell,* of Kingstree, *for Appellant,*

*Messrs. Connor & Connor,* of Kingstree, *for Respondent,*

August 5, 1959.

STUKES, Chief Justice.

This appeal is from an order sustaining demurrer to the answer of the appellant insurance company in an action upon a policy of $1,000.00 upon the life of one Richard S. Parker, of which respondent was the beneficiary.

The policy was issued on January 23, 1956, premium paid, and the insured died on March 20, 1956. Appellant refused to pay the face amount of the policy but tendered in settlement the sum of $102.64 on March 3, 1957, which respondent refused. This action was brought on May 24, 1958, which was more than two years after the date of the policy.

It was alleged in the answer that it was a nonmedical policy (issued without medical examination) and that in his application for it the insured represented that he was then in good health and not suffering from any disease, bodily ailment or disorder, whereas he had been, and was then, suffering from malignant hypertension and uremia, of which he knew or had ample reason and information to know. The answer continued as follows:

"1. That said policy of insurance, among other things, provides that (4) Within two years from the date of the issuance of this Policy the liability of the Company shall be limited to ten per cent of the face amount of this Policy under the following conditions: (1) If the Insured is not alive and in sound health upon the date of issuance and de-

livery of this Policy; or * * * (3) if within two years before the date hereof the insured has been attended by a physician for any serious disease or complaint, or has had tuberculosis, any pulmonary disease, cancer, diabetes, or any disease of the heart, liver, or kidneys, unless such rejection, medical attention, or disease, is specifically recited in the space for endorsements on the back hereof in a waiver signed by the Secretary or Assistant Secretary.

"2. That at the time of the issuance of said policy, plaintiff was not in sound health, but on the contrary, had been suffering from malignant hypertension and uremia for a number of years, and that within two years before the date of said policy, the insured had been attended by a physician for a serious disease, and the plaintiff knew, or should have known, at the time he applied for said policy of insurance that he was then suffering from a serious disease, and that as a result of such facts and circumstances, the defendant tendered in payment of said policy ten per cent of the face amount thereof in the sum of One Hundred Two and 64/100 ($102.64) Dollars on the 3rd day of May, 1957 as settlement in full under the terms of said policy as provided above."

The demurrer was upon the ground that the answer did not state facts sufficient to constitute a defense because it was based upon alleged false representations made by the insured more than two years prior to the institution of the action or assertion of the defense which was thereby waived perforce the provisions of Section 37-161 of the Code of 1952.

The statute, in applicable part, is as follows:

"All companies which issue a policy or certificate of insurance on the life of a person shall, after a period of two years from the date of such policy or certificate of insurance, be deemed and taken to have waived any right they may have had to dispute the truth of the application for insurance or to assert that the assured person had made false representations and such application and representations shall be deemed and taken to be true. * * *"

The demurrer was sustained upon the authority of *Blackwell v. United Ins. Co. of America*, 231 S. C. 535, 99 S. E. (2d) 414. We agree that the cited decision largely governs this case. It is replete with authorities which need not be repeated here.

■ Appellant would avoid the authority of it upon the theory that the condition of the policy which it invokes was an exception to, or limitation upon, the risk assumed and is not affected by the statute. The answer to the contention is simply that the condition is dependent upon the ill health of the insured at the time of the application for, and issuance of, the policy, or medical attention for a serious disease within the specified time. According to the answer he represented that at the time of the application he was in good health, suffering from no disease, and had not been attended for a serious disease within the specified time. Under the statute, quoted ante, appellant is prevented by the passage of time from, following the words of the statute, disputing the truth of the application or asserting that the insured made false representations, and, quoting "such application and representations shall be deemed and taken to be true." Applying the statute, which is as much a part of the policy as if it had been written in it, the insured's representations in his application for insurance that he was in good health, etc., are true and, by the same token, the allegations of the answer to the contrary are untrue, perforce the statute, for the purpose of determining appellant's liability under the policy.

■ Appellant would distinguish this case form the *Blackwell case* by the fact that the policy here contained an incontestable clause, as follows: "This policy shall be incontestable after it has been in force during the lifetime of the insured for a period of two years, except for nonpayment of premium," etc. However, protection of the statute to the insured and beneficiary cannot be avoided or impaired by the provisions of the policy. *Blackwell v. United Ins. Co. of America, supra,* and authorities there cited. The

following is from *Weston v. Metropolitan Life Ins. Co.,* 206 S. C. 128, 33 S. E. (2d) 386, 388, 157 A. L. R. 1198: "Statutes such as these, pertinent to a policy of insurance, are as much a part of a policy as if expressly incorporated in it, and prevail over inconsistent policy provisions."

It is further contended that appellant's tender of the amount which it conceived was due under the policy within two years from the date of it fixed the rights of the parties. (This point was not involved in the *Blackwell case.*) But such action by the insurer is not a sufficient assertion of the contended right; it must be an action in law or equity. "By the great weight of authority, a contest, within the meaning of an incontestable clause in an insurance policy, means some affirmative or defensive action taken in court to cancel the policy or prevent its enforcement, to which the insurer and the insured, or his representatives or beneficiaries are parties." 29 Am. Jur. 687, Insurance, Sec. 898. 45 C. J. S., Insurance, § 747d, p. 762; *Henderson v. Life Ins. Co. of Va.,* 176 S. C. 100, 179 S. E. 680. Annotations, 36 A. L. R. 1245, 64 A. L. R. 959, and 101 A. L. R. 868. Compare *Arnold v. Life Ins. Co. of Georgia,* 226 S. C. 60, 83 S. E. (2d) 553.

Appellant was provided a remedy upon the facts that it alleges, which it did not pursue, by Sec. 37-162 of the Code, as follows:

"Every insurance company doing a life insurance business in this State may institute proceedings to vacate a policy on the ground of the falsity of the representations contained in the application for such policy if such proceedings be commenced within two years from the date of the policy."

The legislative history of the statutes which have been cited is contained in the opinions in *Weston v. Metropolitan Life Ins. Co., supra,* 206 S. C. 128, 33 S. E. (2d) 386, 157 A. L. R. 1198, and *Raggio v. Woodmen of the World Life Ins. Society,* 228 S. C. 340, 90 S. E. (2d) 212.

Affirmed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.