Geneva FIELDS, d/b/a Fields Funeral Home, Appellant,

v.

UNIVERSAL LIFE AND ACCIDENT INSURANCE COMPANY, Appellee.

No. 15059.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Feb. 15, 1968.

Rehearing Denied March 7, 1968.

Herschel B. Cashin, of La Marque, for appellant.

Dibrell, Dibrell & Greer, G. William Rider, of Galveston, for appellee.

COLEMAN, Justice.

### ON REMAND FROM SUPREME COURT

This is a suit to cancel an insurance policy. The question to be determined is whether such a suit filed by an insurance company within two years after the policy was issued amounted to a contest within the meaning of the incontestable clause contained in the insurance policy where citation was issued promptly, but was not served until after two years had elapsed from the date of the policy.

The policy was issued on May 22, 1961. The insured died April 16, 1963. A claim for benefits under the policy dated April 20, 1963, was presented to the Company signed by the beneficiary, Willie Taylor, in which his address was shown as 3309 De Soto Street, Houston, Texas, On May 18, 1963, the Insurance Company received an instrument signed by Willie Taylor authorizing and directing it to pay from the proceeds of the policy in question, and another policy, the sum of $713.00 to Fields Funeral Home. This instrument was signed and acknowledged before a notary public in Galveston County, Texas.

This suit was filed at 4:25 o'clock p. m., May 21, 1963, in a County Court of Dallas County, Texas. It named both Willie Taylor and Fields Funeral Home defendants. Citations were prepared in the office of the Dallas County Clerk, and transmitted by mail to appellee's attorney in Dallas, who received them on May 22 or 23, 1963. They were mailed to the Sheriffs of Harris and Galveston Counties, and were received May, 24, 1963, two days after the second anniversary date of the policy. Because of improper service, the citation directed to Willie Fields, d/b/a Fields Funeral Home, was quashed pursuant to motion filed June 12, 1963, by an order reciting he "shall be deemed to have entered his appearance at 10:00 a. m. on the Monday next after the expiration of twenty days following the date of this order * * *" This date fell on August 5, 1963.

Willie Taylor was not found in Harris County and the citation was returned. He was later located in Galveston County and the citation was served subsequent to June 5, 1963.

On plea of privilege, this cause was transferred to the County Court at Law No. 2, Galveston County, Texas. The case was tried to a jury, but at the conclusion of the evidence the trial court withdrew the case from the jury and rendered judgment for the plaintiff Insurance Company.

The policy of insurance in question provides: " * * * this Policy shall be incontestable after two years from its date * * *."

Article 3.44 of the Insurance Code of Texas, V.A.T.S., provides, in part:

"No policy of life insurance shall be issued or delivered in this State * * * unless the same shall contain provisions substantially as follows:

"(3) That the policy * * * shall be incontestable not later than two years from its date, except for non-payment of premiums; * * *."

In Trevino v. American Nat. Ins. Co., 168 S.W.2d 656 (Tex.Com.App. 1943, opinion adopted), the Court said:

"The language of the incontestable clause and of the statute (Sec. 3, Art. 4732) in the use of the words 'contested' and 'incontestable' contemplates and intends to require the institution within the specified period of a proceeding in court to cancel the policy on account of original invalidity or the filing, within that period in a suit brought on the

policy, of an answer setting up a ground of original invalidity to defeat recovery. American Nat. Ins. Co. v. Welsh, Tex. Com.App., 22 S.W.2d 1063, Tex.Civ.App., 3 S.W.2d 946; Southern Surety Co. v. Benton, Tex.Com.App., 280 S.W. 551; Humpston v. State Mutual Life Assur. Co., [of Worcester, Mass.,], 148 Tenn. 439, 256 S.W. 438, 31 A.L.R. 78; Mutual Reserve Fund Life Ass'n v. Austin, 1 Cir., 142 F. 398, 73 C.C.A. 498, 6 L.R.A., N.S., 1064."

In Patton v. American Home Mut. Life Ins. Co., 143 Tex. 373, 185 S.W.2d 420 (1945), the Supreme Court quoted the excerpt from the opinion in Trevino v. American Nat. Ins. Co. appearing above, and said:

"It is our opinion that insurer's defense of fraud was not authorized by Article 5049 and that such a defense was precluded by the incontestable clause of the policy for the reason that the same was not presented in court within the stipulated period of two years."

In Patton the court equated the words "presented in court" with "filing in a suit brought on the policy". When an answer is filed in a pending suit, it is clear that a "contest" has begun. It is somewhat less clear that a "contest" is begun merely by filing a suit.

In Travelers Insurance Company v. Brown, 402 S.W.2d 500 (Tex.Sup.1966), a suit was brought on a "voluntary Compensation Endorsement" to a policy of insurance. This endorsement provided benefits similar to those available under the Workmen's Compensation Act to injured employees. It contained a provision that if "any person shall commence any proceeding at law, in equity or in admiralty except for such payment, seeking damages from the insured * * * the Company's liability * * * is thereupon terminated." The plaintiff, unaware of the compensation endorsement, filed a suit for damages and,

later, a claim for compensation benefits. Prior to the trial of this case, the damage suit was dismissed. In this opinion the Court said:

"The meaning ascribed to 'commence' by the dictionary is not the only reasonable meaning of the word when it is used to refer to the beginning of a legal proceeding. It has different meanings in different jurisdictions, and even different meanings in different legal proceedings in the same jurisdiction. See 1 Am.Jur. 2d 646–650, Actions, §§ 126–130; 1 C.J.S. Actions § 129, pp. 1396–1404; 7A Words and Phrases, pp. 397–438; 1 Tex.Jur.2d 545–548, § 39. By way of example that the dictionary meaning is not the only meaning, the Supreme Court of the United States held in Herb v. Pitcairn, 325 U.S. 77, 65 S.Ct. 954, 89 L.Ed. 1483, 1487–1488 (1944), that a suit was 'commenced' within the limitation provision of the Federal Employers' Liability Act 'when instituted by service of process issued out of a state court.'

"Decisions of courts of other jurisdictions may be put aside. In spite of the wording of Art. 1971, Vernon's Texas Civil Statutes, which was repealed when incorporated in Rule 22, this Court has often held that the commencement of a suit or action requires something more than the mere filing of a petition. In Russell v. Taylor, 121 Tex. 450, 49 S.W.2d 733, 737 (1932), we recognized that 'the mere physical filing of a petition' without 'a bona fide intention * * * to obtain service and prosecute the suit' was not sufficient to abate a second suit involving the same parties and issues. See also V. D. Anderson Co. v. Young, 128 Tex. 631, 101 S.W.2d 798, 800 (1937). We held in Owen v. City of Eastland, 124 Tex. 419, 78 S.W.2d 178, 179 (1935), that the mere filing of a petition 'is not all that is required to "commence" a suit within the meaning of Art. 5529 which requires that certain suits 'be brought within four years next

after the right to bring the same shall have accrued.' See also Ricker v. Shoemaker, 81 Tex. 22, 16 S.W. 645 (1891). In August Kern Barber Supply Co. v. Freeze, 96 Tex. 513, 74 S.W. 303, 305 (1903), we recognized that '[t]he issuance of citation in a justice's court is the commencement of the suit,' but we held that '[t]he issuance of process which cannot possibly bring the defendant before the court cannot be considered the .commencement of a suit.' These cases are not cited as controlling authority in the instant case but as illustrating that the mere filing of a petition does not always fulfill even statutory requirements for 'commencement' of a suit."

The policy behind the requirement that insurance policies must contain incontestability clauses was stated by Chief Justice Cardozo of the Court of Appeals of New York in these words:

"Repudiation is, indeed, an act too uncertain, one resting too often in biased recollection, to be accepted as the equivalent of ordered battle in the courts. The value of a clause declaring a policy incontestable lies to no slight degree in the definiteness of the protection accorded to the holder. The good that it promises is in part a state of mind. After the lapse of two years the insured is no longer to be harassed by the fear that the policy will be avoided by interested witnesses asserting in later days that there was a disclaimer long ago. After a like lapse the beneficiaries are no longer to be subjected to the risk of forfeiture through notices or warnings that may be hard to disprove when the insured is in his grave. Alike for insured and for beneficiaries, there is to be the peace of mind that is born of definiteness and certainty. The clause, in effect, if not in form, is a statute of limitations, established by convention, and like the statute is directed to remedies in court * * *.

"A contest, then, begins when the insurer avoids, or seeks to avoid, the obligation of the contract by action or defense. If the insured or the beneficiary is plaintiff, suing to declare the policy in force or to recover money due, the contest takes its start when the insurer serves an answer disclaiming liability. If insured and beneficiary hold back, preferring to wait till the time for contest has expired, the point of beginning is the time when the insurer sues in equity to declare the policy annulled." Killian v. Metropolitan Life Ins. Co., 1251 N.Y. 44, 166 N.E. 798 (1929).

In Owen v. City of Eastland, 124 Tex. 419, 78 S.W.2d 178 (1935), the court said:

"Our courts uniformly hold that the mere filing of suit on a claim does not interrupt the running of limitation. 28 Tex.Jur. p. 192 et seq. It is to be observed that the various decisions there referred to deal with limitation statutes which, in terms, provide that the suit shall be 'prosecuted' as well as 'commenced.' However, it has been said, in effect, that the mere filing of the plaintiff's petition is not all that is required to 'commence' the suit, within the meaning of the statutes of limitation, *but there must also be a bona fide intention that the process shall be served at once upon the defendant.* Ricker v. Shoemaker, 81 Tex. 22, 16 S.W. 645, 647. This accords with the well-recognized design of statutes of limitation. At an early day it was held that such statutes are 'statutes of repose to quiet titles, to suppress frauds, and to supply the deficiencies of proof arising from the ambiguity, obscurity and antiquity of transactions'; and the rule was laid down that limitation statutes should 'receive such interpretation consistent with their terms as would defeat the mischief intended to be suppressed, and advance the policy and remedy they were designed to promote.' Gautier v. Franklin, 1 Tex. 732. This, in effect,

has been repeated in later cases. Harrison Machine Works v. Reigor, 64 Tex. 89; Howard v. Windom, 86 Tex. 560, 26 S.W. 483. See, also, 17 R.C.L. p. 664. Taking these pronouncements as a guide, no reason occurs for ascribing to the instant statute a design in any respect different from that of the others. It is hardly reasonable to suppose that, in passing this statute, the Legislature considered that the mere filing of the suit within the prescribed time would expel the evil which the statute was designed to reach. It is far more reasonable to conclude that the intention was to afford means by which the defendant in the suit may be relieved of disproving the merits of the claim asserted against him, where, through the fault of the plaintiff, he is not called to defend until the means of disproving same is presumably lost through lapse of time."

This case was filed late in the afternoon of the last day of the period within which the policy could be contested. It was filed in a court which had jurisdiction of the controversy, although not the court having venue of the cause. It was filed too late for personal service to be secured on the defendants within the contestable period, but there is no evidence that appellee lacked a bona fide intention that process issue and be served without unreasonable delay. See Ricker v. Shoemaker, 81 Tex. 22, 16 S.W. 645 (1891). Process was issued the following day and was immediately forwarded to the officers for service. Delay in securing service followed, but the delay of some twenty days was not, under the circumstances, unreasonable.

The Supreme Court interpreted the contract in Travelers Insurance Company v. Brown, supra, to provide that the liability of the insurer terminated if a suit for damages is commenced, and held that the purpose of the provision could be satisfied without interpreting the words "commence any proceedings at law" to mean merely filing a petition, which might be withdrawn without prejudice to the Insurance Company. It then held that the workman does not "commence proceedings" within the meaning of the contract "until citation is issued and served on the defendant or he enters a voluntary appearance for the purpose of defending the suit."

In that case, however, the court recognizes that Rule 22, Texas Rules of Civil Procedure, reading, "A civil suit * * * shall be commenced by a petition filed in the office of the clerk," not only prescribes *how* a suit shall be commenced, but it may also govern *when* it is commenced.

This case more nearly resembles the cases involving the statutes of limitation, and, we think, should be governed by the doctrine established by the Supreme Court in those cases. The purpose of the limitation contained in the policy under consideration as required by the Insurance Code is properly implemented by a decision that an appropriate suit be filed within the contestable period and that citation be issued and served with reasonable promptness thereafter. Gautier v. Franklin, 1 Tex. 732 (1847); Owen v. City of Eastland, supra; Ocean Accident and Guaranty Corp. v. May, 15 S.W.2d 594 (Tex.Com.App. 1928); Parker v. Progressive Life Insurance Co., 235 S.C. 96, 110 S.E.2d 5 (1959); Densby v. Acacia Mut. Life Ass'n, 64 App.D.C. 319, 78 F.2d 203 (1935).

The judgment of the Trial Court is affirmed.